[Crim. No. 5901. Second Dist., Div. One. Nov. 27, 1957.]

THE PEOPLE, Respondent, v. ZACK KENNETH VAUGHN et al., Appellants.

*Assigned by Chairman of Judicial Council.

Eugene V. McPherson, Joseph A. Armstrong and Gladys Towles Root for Appellants.

Edmund G. Brown, Attorney General, and Miles J. Rubin, Deputy Attorney General, for Respondent.

DRAPEAU, J.*—Zack Kenneth Vaughn and Clifford Edwards were convicted of two counts of armed robbery first degree, and sentenced to the penitentiary for the term prescribed by law. Each man has appealed from the judgment against him, and from the order denying his motion for a new trial.

On August 21, 1956, Pete's Liquor Store in Maywood was

---

*Assigned by Chairman of Judicial Council.

held up. The clerk on duty testified on the preliminary examination that at about 3 o'clock in the afternoon two men came into the store, walking fast. One of them had a gun, and held it on the clerk. He recognized this man as defendant Vaughn. Another man who was in the store identified Vaughn as being there at the time. None of the men in the store could identify the other defendant, Edwards.

After the first two men came into the store, a third man came in. He covered the outer door, and he too had a gun in his hand.

Mr. Vaughn took about $75 from the cash register, about $300 from the clerk, and $22 from a customer who came in while the holdup was going on. Mr. Vaughn also took a Citizens National Bank change bag, containing $6.00 in nickels, and a roll of half dollars.

In the evening of the same day a man by the name of Zielinski told a deputy sheriff of Los Angeles County about an unusual incident that took place just outside the window of his motel apartment. Mr. Zielinski was manager of the motel. The window of his quarters faced on the street. He said that his attention was called to an automobile that made a U-turn, and parked directly in front of his window. The men in the car got out, and were arguing about a gun. One of them put his hands up on top of the car, while another one removed a gun from his waistband and put another back. It appeared to Mr. Zielinski that he had witnessed a forcible exchange of guns. The men then got back into their car and drove away.

Mr. Zielinski also told the deputy that there were four men in the car; that it was a yellow, cream-colored Cadillac with red wheels and no hub caps; and that the first three letters on the license plate were GCY.

The deputy and his partner started looking for this car. They found it parked near a liquor store. No one was in it. But in a few minutes four men walked out of the liquor store and came to the car.

The officers arrested these men. Among them were Mr. Vaughn and Mr. Edwards. This liquor store had not been held up.

But the officers found two loaded guns in the car, the money bag that had been taken from Pete's Liquor Store, with silver coins in it, and ammunition in the trunk compartment.

Thereafter, Vaughn and Edwards each admitted taking part

in the robberies at Pete's Liquor Store. Mr. Edwards said that he was the man at the door with a gun in his hand.

Defendants waived a jury in the superior court, and stipulated that the judge could consider the evidence at the preliminary examination. Then they both testified, and denied any part in the robberies at Pete's Liquor Store, with circumstantial details as to where they went and what they did on the afternoon of the day of the crime.

Defendants argue on appeal:

1. That the arrest and search were illegal.

2. That hearsay evidence was improperly admitted.

3. That the evidence of the confessions was improperly admitted, and the best evidence was not given on the question of voluntariness of the confessions.

4. That Mr. Edwards' motion for a new trial should have been granted.

These matters will be discussed in the order in which they have been stated.

1. Was the arrest and search illegal?

The officers had reasonable cause to believe that a felony had been committed by the men in the car that stopped outside Mr. Zielinski's window. (Pen. Code, § 836, subd. 5.)

There is no evidence that the arresting officers did not have warrants for the arrest of the men in the car, or a search warrant. It is therefore presumed on appeal that the arrest was lawful. (Code Civ. Proc., § 1963, subds. 1, 15, 33; *People* v. *Farrara,* 46 Cal.2d 265, 268-269 [294 P.2d 21].)

2. It was not error to admit testimony of the deputy sheriff as to what Mr. Zielinski had told him. While it was, of course, hearsay, it was to show that he had reasonable cause to believe a felony had been committed by the four men in the Cadillac. And it did not connect either defendant in any way with the crimes of which they were charged.

3. The confessions of both defendants were properly received in evidence. No objection was made to either confession, and therefore that evidence is beyond attack on appeal, and may be considered in support of the judgment. (*People* v. *Simmons,* 28 Cal.2d 699, 723 [172 P.2d 18].)

It is argued that there were tape recordings of what was said during these confessions, and that the tapes were the best evidence. The testimony of one who hears a confession is always the best evidence of it. Tape recordings could have been used to refresh recollection, just as one may testify

to a confession, using a reporter's transcript of what was said to refresh his recollection.

Defendants also argue in this connection that they were illegally detained when the confessions were made, and for that reason the confessions were not admissible in evidence against them.

■ A voluntary confession is admissible in evidence against the one who makes it, even though made during an illegal detention. (*Rogers* v. *Superior Court*, 46 Cal.2d 3, 10 [291 P.2d 921].)

Moreover, the record here does not support the suggestion that these defendants were illegally detained.

■ 4. Finally, it was not error to deny defendant Edwards' motion for a new trial.

This was made upon the ground of newly discovered evidence. It is said to be supported by an affidavit of one Jack Beck, who is confined in the Missouri state penitentiary, and who averred that he and others committed these crimes, and that Mr. Edwards was not involved in them. This affidavit is not to be found in the record.

The trial judge did not abuse his discretion in denying the motion. Mr. Edwards made no showing that he did not know of the existence of such evidence at the time of the trial, or that he used diligence to discover the same, or that he could not by the exercise of reasonable diligence have discovered it. (See *People* v. *Beard*, 46 Cal.2d 278, 281-282 [294 P.2d 29] ; *People* v. *Ansite*, 110 Cal.App.2d 38, 39 [241 P.2d 1036].)

The judgments are, and each of them is, and the orders denying defendants' motions for a new trial are, and each of them is, affirmed.

White, P. J., and Fourt, J., concurred.