[Crim. No. 6731. Second Dist., Div. Two. Nov. 18, 1959.]

THE PEOPLE, Respondent, v. THOMAS LEE REED, Appellant.

Thomas Lee Reed, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan, Harry Wood, and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

ASHBURN, J.—Defendant appeals from a conviction of robbery in the first degree (Pen. Code, §§ 211 and 211a). He was represented at the trial by a deputy public defender of Los Angeles County, but now appears in propria persona, advancing numerous grounds for reversal, none of which has any merit.

It is argued that the evidence is insufficient to establish the corpus delicti. " 'We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Appellant's argument rests upon certain minor inconsistencies in the testimony of the victim and that of Police Officer Rice; he claims their testimony was therefore inherently incredible. The established rule with respect to inherent improbability is thus stated in *People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758] : "Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. [Citation.] To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.] Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.]" Appellant also argues that these inconsistencies plus certain other circumstances are sufficient to raise a reasonable doubt and therefore the judgment should be reversed. However, "[t]he 'test on

appeal is whether there is substantial evidence to support the conclusion of the trier of fact. It is not whether guilt is established beyond a reasonable doubt.' (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911] ; see also *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) '' (*People* v. *Poindexter,* 51 Cal.2d 142, 148 [330 P.2d 763].)

The facts, viewed most favorably to respondent, are these: On November 20, 1958, Mrs. Katherine Coleman was working the 11 p.m. to 7 a.m. shift as the sole waitress in the Palace Royal Café at 140 East Santa Barbara Avenue, Los Angeles. At about 5 :10 a.m. defendant Reed entered, asked Mrs. Coleman for the location of the rest room, went there, soon returned, ordered and drank coffee. There were two other customers in the café at the time. Defendant left after having his coffee and walked across the street where he stood for three or four minutes until those other customers left, whereupon he returned to the restaurant and sat where he had drunk his coffee. Mrs. Coleman was behind the counter near the end. Soon the defendant ran over to her, put a gun in her side, almost knocked her off her stool so she had to catch onto the counter. She asked him what that meant and defendant said: ''You know what it means. Give me the money.'' He had the gun in his right hand. She was frightened and gave him the money that was in the cash register, approximately $16. Defendant told her not to move; she sat on the stool until he passed through the door, then she locked it and called the police. Defendant was dressed in a blue coverall suit and wore a beige cap with a long bill, the same clothes he had on when arrested at 11 :40 a.m. of that same day. Mrs. Coleman had ample opportunity to observe defendant's appearance and to register it upon her mind. Later she identified Reed in a police lineup. At the trial she again did so and declared herself positive that he was the man who robbed her.

The discrepancies which appellant seeks to capitalize were Mrs. Coleman's statement at the preliminary hearing that defendant had a well-trimmed beard, which was changed to an assertion at the trial that he wore a mustache. Officer Rice said defendant had a slight goatee on the lower lip above his chin. Again the officer said defendant wore brown shoes but, when confronted by his testimony at the preliminary hearing to the effect that defendant wore high top brown boots, the witness said that that refreshed his memory. Obviously these discrepancies fall within the rationale of *People* v. *Huston,*

*supra*, 21 Cal.2d 690. Defendant denied that he committed the robbery and relied heavily upon the defense of alibi, which failed miserably and is not now advanced. The court with obvious good reason rejected defendant's testimony both as to his denials of the Coleman and Rice testimony and the matter of alibi.

The pertinent sections of the Penal Code provide: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree." (§ 211a.) The foregoing résumé of the testimony shows that every necessary element of robbery in the first degree was present.

It is argued, however, that the identification of defendant as the robber was legally insufficient. There is no factual basis for the contention. (See *People* v. *Pianezzi*, 42 Cal.App.2d 265, 269 [108 P.2d 732] ; *People* v. *Best*, 43 Cal. App.2d 100, 103 [110 P.2d 504] ; *People* v. *Daly*, 168 Cal.App. 2d 169, 172 [335 P.2d 503] ; *People* v. *Murphy*, 173 Cal.App. 2d 636 [343 P.2d 273].)

It is also claimed that Mrs. Coleman's testimony was too uncertain, standing alone, to be accepted without corroboration. The claim is without merit, for corroboration of the victim in a robbery case is not required. (*People* v. *Lindsey*, 90 Cal.App.2d 558, 562 [203 P.2d 572] ; *People* v. *McNeal*, 123 Cal.App.2d 222, 224 [266 P.2d 529] ; *People* v. *Thompson*, 147 Cal.App.2d 543, 547 [305 P.2d 274].) Mrs. Coleman's testimony cannot be rejected as inherently improbable and hence would be sufficient to support a conviction though standing alone.

Appellant's claim of denial of due process and of the equal protection of the laws has no support in the record. Nor does the claim advanced in his reply brief that he was not properly represented below. (*People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457].)

There has been no miscarriage of justice here.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied November 25, 1959.