[Crim. No. 7344.   Second Dist., Div. Three.   June 28, 1961.]

THE PEOPLE, Respondent, v. BENJAMIN GONZALES, Appellant.

Harvey E. Byron for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Otto J. Hetzel, Deputy Attorney General, for Respondent.

SHINN, P. J.—In an information defendant was charged with the crime of grand theft of an outboard motor. He was arraigned and subsequently moved to dismiss the charge pursuant to Penal Code, section 995. This motion was denied and defendant pleaded not guilty. At the trial a jury was waived and by stipulation the cause was submitted on the transcript of the preliminary hearing. Defendant did not testify.

Defendant was found guilty. His motion for a new trial was denied and he was then sentenced to state prison. He appeals from the judgment.

It was stipulated that if one Richard Dooley was called as a witness he would testify that the motor had been stolen from a store in Long Beach.

The People introduced testimony of Officer Jones of a voluntary confession by defendant, made shortly after his arrest. He described how and when he had stolen the motor. No objection was interposed to this evidence.

In the cross-examination of Jones it was brought out that several officers, including Jones, late at night, encountered defendant and his wife on the street. They placed defendant under arrest on a warrant for a traffic violation. They questioned defendant about the contents of bags he and his wife were carrying and also about some coffee. They went to defendant's residence and after leaving there they questioned defendant about his car, which was parked on the street. They looked into the car and saw the motor on the back seat, partly covered, and questioned defendant about it. They then seized the motor and took defendant to a police station, where he made the confession. Officer Jones was not questioned with respect to any reply defendant made to the questions asked concerning the contents of the bags, or the car or the motor.

The point on appeal is that all the evidence of the confession and of the circumstances of finding and seizing

the motor was inadmissible for the reason that search of the car and seizure of the motor were illegal. This point was made upon a motion to dismiss the cause after both parties had rested. In the hearing of a motion for a new trial it was argued and is here contended that it was intended that the motion to dismiss upon the ground of illegality of the seizure should be considered as an objection to evidence of the confession. This position is untenable. If it is believed that probable cause for a search has not been shown an objection is called for in order to afford the People an opportunity to remedy the deficiency, if any. Such is the present case.

The main contentions of defendant are unsustainable for another reason. The People introduced no evidence of the discovery and seizure of the motor. They proved only that the motor had been stolen and that defendant confessed to stealing it. That was the case for the People. It was the defendant who elicited the testimony of the taking of the motor which he now claims should not have been admitted. This was on what purported to be but was not cross-examination at all. It was entirely foreign to the matter of the confession, which was the only subject of the direct examination. All the facts that were developed by defendant's own questioning could be disregarded, and the case of the People would stand proved without objection.

Defendant cannot now complain of the proof of the confession or of the admission of evidence which the People did not produce or rely upon. (*People* v. *Velarde,* 45 Cal.App. 520 [188 P. 59] ; *People* v. *Vaughn,* 155 Cal.App.2d 596 [318 P.2d 148] ; *People* v. *Kelsey,* 140 Cal.App.2d 722 [295 P.2d 462].)

In their brief the People offer to produce evidence that the statements of defendant justified the officers in believing that the motor had been stolen and in seizing it. Regardless of any merit the offer may have, it is refused.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.