[Crim. No. 7733.   Second Dist., Div. One.   Nov. 30, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIE ARTHA MOSLEY, Defendant and Appellant.

Lewis Graham for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Mario A. Roberti, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of a violation of section 20001 of the Vehicle Code and from an order denying a motion for a new trial.

In an information filed in Los Angeles County on December 12, 1960, it is charged that defendant did on October 15, 1960, drive a vehicle which was involved at said time in an accident resulting in injury to Jerry Boyd Smith and that defendant failed to stop the vehicle immediately and failed to give to Smith or to any traffic or police officer at the scene his name and address and the registration number of the vehicle, the name of the owner of the vehicle and to exhibit his operator's license and failed to render reasonable assistance to Smith. The defendant pleaded not guilty and a jury trial was waived. The cause was submitted upon the transcript of the testimony taken at the preliminary hearing and other evidence and testimony presented at the time of trial. The defendant was found guilty as charged. Probation was denied and defendant was sentenced to jail for 180 days. This appeal thereupon was taken. It appears from the notice of appeal that an appeal is purportedly taken from an order denying a motion for a new trial. The record discloses that no motion for a new trial was made and no mention of the motion or the order with reference thereto is made in the appellant's brief.

A résumé of some of the facts is as follows: At about midnight on October 14, 1960, or early in the morning of October 15, Smith was crossing Avalon Boulevard from east to west in the north crosswalk of the intersection of Avalon and 109th Street. Defendant was driving an automobile in a southerly direction on Avalon. The intersection was lighted. There were no stop signals at the intersection. Smith was struck on his right side by the right front of the defendant's automobile. The force of the impact spun Smith and sent him 30 feet to the southwesterly corner of the intersection. Smith did not see the car before or after it hit him. Smith was conscious; however his leg was broken, he had a bad cut on his hip and his left knee was injured. Some people gathered around Smith shortly after the accident but no one attempted

to do anything other than to keep him quiet. A lady saw the defendant's car strike Smith. The car went to 110th Street before coming to a stop. The car was then backed up to a point about one half a block away from the scene of the accident.

The police arrived and saw the defendant at the scene. Inquiry was made by the police as to whose car was in the roadway and defendant stated that it was his and that he was a witness to the accident. Defendant told the police that he had been following another car which had struck Smith; however defendant also stated that he did not know when the other car had appeared in front of him or how long it had been there—that the first time he had noticed it was after it had struck down the victim and then continued on without stopping. The officer noted some damage to the right front area of the defendant's car and two dents near the headlight area. The defendant's car was covered with dust with the exception of an area near the right front hood and fender which appeared to have been wiped off. The damage was shown to the defendant as was the dust condition and the wiped-off area. The defendant denied any knowledge of any damage. He denied that he was involved in the accident. He did not talk to Smith nor did he give Smith his name, address, registration number nor did he relate the owner's name or exhibit his driver's license to Smith.

The defendant was arrested and the next morning in talking to an officer the defendant again denied being involved in the accident and stated that it was the car in front of him which had hit Smith. The officer again reviewed the evidence and in a few minutes the defendant admitted that he knew that he had hit the victim, but that he had not seen the victim prior to the impact.

The defendant at the trial testified in effect that the light at the intersection was not too bright, that when he felt the jar of the impact he stopped and went back to the intersection and that he did not give any information to Smith because he appeared to be dead and the officers took him away before he could give any information to anybody.

Appellant now asserts that the evidence was insufficient to sustain the judgment.

█ If there is sufficient evidence to sustain the judgment upon any hypothesis the judgment is to be affirmed. (*People v. Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Sections 20001 and 20003 of the Vehicle Code read as follows:

Section 20001: "The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, or death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004, . . ."

Section 20003: "The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his name, address, the registration number of the vehicle he is driving, the name of the owner, and upon request and if available exhibit his driver's license to the person struck or the driver or occupants of any vehicle collided with or shall give such information and exhibit his license to any traffic or police officer at the scene of the accident and shall render to any person injured in the accident reasonable assistance, including the carrying or the making arrangements for the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if such carrying is requested by the injured person."

There is no question that the defendant did not comply with the statutes pertinent to the case. The purpose of the statutes is clear; one who drives an automobile and strikes down a pedestrian in a crosswalk, drives a block away thereafter, stops and backs up part way to the scene of the impact, does nothing for and says nothing to the victim and repeatedly states to the police that he did not hit the victim—that he saw some other person driving an automobile (whom or which he cannot describe) strike down the victim, and who continues even into the next day to deny that he hit the victim and who thereafter finally decides to tell the truth and admits that he did strike down the victim has not complied either with the spirit or the letter of the statutes in question. (See *People* v. *Rallo,* 119 Cal.App. 393, 397 [6 P.2d 516], with reference to the purpose of the statute.)

The defendant here did everything he could think of to conceal the fact that he was the perpetrator of the offense and even attempted to place the blame upon a phantom driver of a nonexistent automobile.

It is apparent that defendant rendered Smith no assistance in any sense of the word and in fact attempted to do the opposite thereof. The defendant did not give his name, address, or registration number, nor did he give the name of

the owner of the vehicle to Smith, although he had ample opportunity to do so.

The cases cited by appellant, namely *People* v. *Scofield,* 203 Cal. 703 [265 P. 914] ; *People* v. *Martin,* 114 Cal.App. 337 [300 P. 108] ; and *People* v. *McIntire,* *(Cal.App.) 292 P. 675, are all easily distinguishable from this case and are not in point.

The purported appeal from the nonexistent order denying a motion for a new trial is dismissed.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied December 18, 1961, and appellant's petition for a hearing by the Supreme Court was denied January 24, 1962.

*A hearing was granted by the Supreme Court on October 31, 1930. The final opinion of that court is reported in 213 Cal. 50 [1 P.2d 443].