[Crim. No. 14030. Second Dist., Div. One. May 1, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES E. CHRISTIAN, Defendant and Appellant.

John R. Sheehan, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of robbery in the first degree.

In an information filed in Los Angeles on October 3, 1966, defendant and codefendant James Kinnard were charged with robbing a representative of the Western Union of certain personal property on September 5, 1966. Defendant pleaded not guilty. The cause was submitted upon the testimony contained in the transcript of the proceedings had at the preliminary hearing and the testimony of defendant at the trial. Defendant was found guilty as charged. A motion for a new trial was denied as was an application for probation. This court pursuant to the Rules of Court directed the original file of the proceedings in the trial court to be lodged here for the purposes of this appeal. The judge found the robbery to be in the first degree and sentenced the defendant to the state prison.

A résumé of some of the facts is as follows: At about 10:15 a.m. on September 5, 1966, Hazel O'Neil and Leamont White were employed as money order clerks at the main office of Western Union at 741 South Flower Street in Los Angeles. At about that time and place appellant and codefendant Kinnard entered with drawn guns. Kinnard jumped over the counter and demanded of O'Neil and White the money from the cash drawers and the safe. Kinnard struck O'Neil on the arm and told her to step back. Kinnard took about $35 from a drawer.

Christian with a revolver in his hand was in the lobby of the office less than ten feet from O'Neil. A woman screamed, appellant hit her with his gun, and then called out to Kinnard, "Let's get out of here" whereupon Kinnard jumped over the counter and the two robbers left the office. At this time O'Neil activated a buzzer under her cash drawer.

Officer Mitchell of the Los Angeles Police Department received a radio call at about 10:15 a.m., September 5, 1966, to the effect that a robbery was in course and progress at 714 South Flower Street. Officer Mitchell and his officer-partner proceeded to the location and upon arrival were told that two men had just come out of the 714 South Flower Street address, that they had gotten into a 1961 pink Cadillac car bearing license number GZH 896 and that a third man was driving the car. Officer Mitchell broadcast a description of the suspect car over the police radio. Officers Flowerree and Boddie were patrolling on La Brea Street and saw the described car coming southbound on La Brea Street approaching First Street. The officers made a U-turn and followed the suspected car; the car turned westbound on Second Street and made a

left turn southbound on Detroit Street. Officer Boddie, the driver of the police car, stopped the suspect car at the intersection of Detroit and Third Streets and commanded the three occupants, the driver, appellant and Kinnard to get out of the car, which they did. The three were then handcuffed by Officer Flowerree. Officer Flowerree noticed what appeared to be a .38 caliber revolver on the front seat of the car—the three were then placed under arrest and advised of their constitutional rights. A short time later another loaded revolver was found in the car. The gun on the seat also was loaded. The two guns were identified at the trial as being the guns used in the commission of the robbery.

Appellant now contends that the evidence was insufficient to support the judgment, that he was denied due process of law in that the arrest was the result of an illegal search and seizure and that he was arrested without probable cause.

 Robbery is defined in section 211, Penal Code. Here there was a taking of personal property from the immediate presence of O'Neil and White, the taking was accomplished by both force and fear, each of the robbers used a gun in the commission of the offense. There was substantial evidence to support the judgment. (See *People* v. *Newland,* 15 Cal.2d 678, 681-682 [104 P.2d 778]; *People* v. *Reed,* 175 Cal.App.2d 402, 405 [346 P.2d 513]; *People* v. *Hillery,* 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382]; *People* v. *Domingo,* 210 Cal.App. 2d 120, 124 [26 Cal.Rptr. 315]; *People* v. *Mosley,* 197 Cal. App.2d 513, 515 [17 Cal.Rptr. 341].) All intendments are in favor of the judgment.

There was at least one positive eyewitness that appellant was one of the robbers. That in itself is enough. (See *People* v. *Houser,* 85 Cal.App.2d 686, 694 [193 P.2d 937]; *People* v. *Lewis,* 240 Cal.App.2d 546, 548 [49 Cal.Rptr. 579].) Appellant was in the suspect car when arrested a few minutes after the robbery; further, one of the guns used by appellant in the robbery was found in the car.

 Appellant's assertion that he was arrested without probable cause is without merit. Each case must be disposed of on its own state of facts and here to say the least there was a strong and honest suspicion that appellant was guilty of a crime. (See *People* v. *Lewis, supra,* 240 Cal.App.2d 546, 549; *People* v. *Schader,* 62 Cal.2d 716, 722 [44 Cal.Rptr. 193, 401 P.2d 665]; *People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577]; *People* v. *Vaughn,* 155 Cal.App.2d 596, 598-599 [318 P.2d 148]; *People* v. *Propp,* 235 Cal.App.2d 619, 627-629 [45 Cal.Rptr. 690].) For the police in this case not to

have acted upon the information supplied to them would have been sheer stupidity and two armed robbers would have gotten away.

Appellant seemingly thinks he was unfairly treated in this case. The truth of the matter is that he was extremely fortunate under the circumstances, for he was not charged with a prior felony conviction for which he apparently served a term in prison in Texas, he was not charged with being armed with a deadly weapon at the time of the commission of the offense, and he was not charged with the possession of a deadly weapon (a loaded revolver) at the time of his arrest. These latter factors are all disclosed by the original superior court file.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied May 21, 1968, and appellant's petition for a hearing by the Supreme Court was denied July 10, 1968.