**Eric V. SWOPE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 784 S 269.**

Supreme Court of Indiana.

March 27, 1986.

Diane M. McNeal, Appellate Public Defenders Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Eric V. Swope was convicted after a jury trial of rape, a class A felony, and confinement, a class B felony. The trial court imposed concurrent sentences of twenty-five years for rape and ten years for confinement.

Appellant has filed a direct appeal in this Court seeking review of two issues: whether the evidence is sufficient to sustain his convictions, and whether the trial court abused its discretion by permitting two State witnesses to testify despite their violation of a witness separation order.

We affirm.

The evidence at trial showed that on October 16, 1981, the victim was alone in her father's house. At approximately 12:30 a.m. she awakened to find a tall man and a "short fat man" standing at her bedroom door. After she was taken to her father's bedroom, the tall man left and a third man, Swope, entered the room. The victim recognized Swope from high school.

Swope and the short man took turns holding a gun to the victim's head during the entire sequence of events which transpired that evening. While the short man forced the victim to get down on her knees and suck his penis, Swope positioned himself behind her and had anal intercourse. Swope then had sexual intercourse with the victim on her father's bed. Appellant then told the prosecutrix, "we're taking you with us" and led her out the back door, after forbidding her to put on a pair of pants. Although Swope had threatened to "blow her brains out" if she screamed while they walked from the house to their car, the victim did attempt to flee while the men were getting into the car and the short man hit her on the head. The men drove the prosecutrix to an alley where the short man forced her to have sexual intercourse. Swope then drove the car to another area and went inside a house. While he was gone the short man forced the victim to have sexual intercourse again. Realizing that the short man did not have a gun, the prosecutrix decided to escape. When she saw a Cadillac driving toward them she struggled with the short man and managed to get out of the car. As she ran toward the Cadillac she heard shots fired. The

driver of the Cadillac, George Wilson, gave her some of his work clothes to wear and then drove her to her mother's house. Wilson testified that she was frightened and hysterical; she kept saying that the men were going to kill her. Later that day the victim gave a written statement to Officer Myles and also positively identified Swope from a line-up.

## I. Sufficiency of the Evidence

■ Swope argues that the State failed to prove that he forcibly engaged in sexual intercourse with the victim or removed her to another place without her consent. He specifically claims that the victim's testimony was inherently improbable and therefore the evidence is insufficient to sustain his convictions.

This Court does not weigh the evidence or resolve questions of credibility when the sufficiency of the evidence is challenged. Rather, we look to the evidence and the reasonable inferences to be drawn therefrom which support the verdict. The conviction must be affirmed if there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Ramos v. State* (1984), Ind., 467 N.E.2d 717.

The victim's testimony established the evidence necessary to prove beyond a reasonable doubt the elements of both rape and confinement. Ind.Code § 35–42–4–1 (Burns 1985 Repl.); Ind.Code § 35–42–3–3 (Burns 1985 Repl.). The uncorroborated testimony of a rape victim is sufficient to support these convictions. *Engle v. State* (1984), Ind., 467 N.E.2d 712. While appellant claims that the victim's testimony was inherently improbable, the record shows that her testimony was generally consistent. Moreover, it is the jury's duty to weigh the evidence and to determine the credibility of witnesses. The jury obviously found her testimony believable.

## II. Witness Separation Order

■ Appellant argues that the trial court erred by permitting two State witnesses to testify notwithstanding their violation of a witness separation order. He claims that the discussion between these two witnesses was procured by the State even though the prosecutor was not directly involved.

The State moved for a witness separation order; defense counsel joined in the request and it was granted. The State requested and received permission for Officer Michelle Myles to remain in the courtroom since she was the prosecutor's investigating officer.

Defense counsel observed Officers Myles and Farias talking with each other during a recess. When the court reconvened, a hearing was held to determine whether the separation order had been violated and, if so, what action should follow. Farias testified at this hearing that he talked with Myles about an offense report (defense exhibit five) which had been prepared by another officer. He relayed the substantive content of this discussion to the court. Farias stated that they did not discuss any of the courtroom testimony. The prosecutor indicated that she did not have any knowledge of this recess discussion. The State further informed the court that Farias' testimony would only involve statements regarding his arrest of Swope. The subject matter of Myles' testimony was the victim's statement and line-up procedures.

The trial court permitted the officers to testify but restricted the testimony of Farias to prohibit any testimony of the offense report. Defense counsel's request that the jury be admonished about the violation of the witness separation order was denied. However, when defense counsel cross-examined Farias during the trial he managed to indicate to the jury that Farias was aware of the existence of the order, knew that such order meant that he was not to discuss any aspect of the case with another witness, and that he and Myles discussed the offense report during a recess.

The trial court has the discretion to allow a witness to testify despite a violation of a witness separation order, *Survance v. State* (1984), Ind., 465 N.E.2d 1076, unless

the appellant can show connivance or procurement by the State. *Gorman v. State* (1984), Ind., 463 N.E.2d 254. The discretion of the trial court has been upheld where the jury was informed that the witnesses had violated an order and appellant failed to establish connivance by the State. *Wardlaw v. State* (1985), Ind., 483 N.E.2d 454. Moreover, since neither officer was involved in the factual basis upon which the other officer would testify, the possibility of corroboration or bolstering of testimony was minimal. The trial court did not abuse its discretion by allowing Myles and Farias to testify.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK, and DICKSON, JJ., concur.