Steve DOUGLAS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–8701–CR–101.

Supreme Court of Indiana.

March 22, 1988.

Steven D. Allen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Steven A. Douglas was convicted in the Marion Superior Court, Criminal Division, Room III of three counts of Kidnapping, as class A felonies; Criminal Deviate Conduct, a class A felony; Rape, a class A felony; and Robbery a class B felony. The court sentenced Douglas to forty (40) years on each of the kidnapping counts; forty (40) years on the criminal deviate conduct count; forty (40) years on the rape count; twenty (20) years on the robbery count, the sentences to be served concurrently. He directly appeals raising the following issues for our review:

1.  sufficiency of the evidence, and
2.  alleged error by the trial court in applying aggravating circumstances in sentencing.

The facts most favorable to the State show than on August 7, 1985, at approximately 2:00 a.m., Sidney and Teresa Vonburg, their infant son Matthew, and Teresa's younger sister, C.S., were at the White Castle located at 302 South Virginia Avenue in Indianapolis. When Teresa went into the restaurant two black men, later identified as Appellant Douglas and Calvin Harris approached the Vonburg's van from both sides. Douglas pointed a pistol at Sidney and demanded entry into the van. Harris and Douglas entered the van. Harris drove while Douglas, who was armed with the gun, went to the back of the van. Douglas demanded Sidney's money and jewelry, then ordered Sidney to lie face down in the back of the van. Douglas

ordered C.S. to a couch area in the back of the van, and the baby remained in his crib. Douglas forced C.S., with the gun at her head, to perform oral sex and vaginal intercourse. Douglas then instructed Harris to pull the van over and the two perpetrators traded places. Douglas then drove the van and his accomplice raped and sodomized C.S. After the second rape, Douglas pulled the van over to the side of the road and the two confederates took an AM/FM stereo cassette radio, Teresa's purse containing her personal papers, a two liter bottle of Pepsi, and the keys to the van. The police were immediately notified of the incident and following investigation, Douglas and his accomplice were arrested and charged.

**I**

Douglas complains the evidence presented at trial was insufficient to support his convictions. He claims the State did not meet its burden of proof on the issue of identity as neither Sidney Vonburg nor C.S. were able to identify him as being one of the participants. Harris testified for the State and implicated Douglas. Douglas asserts Harris's testimony was unbelievable because he gave differing statements to the police, and also admitted in court that there was no way of knowing whether he was telling the truth. Additionally, Harris testified he had smoked three or four marijuana cigarettes prior to his giving a statement to Detective Deal, and that he was still high on drugs when he gave the statement. Douglas asserts that as Harris's testimony contains many discrepancies, it has no probative value.

While the testimony of an accomplice must be highly scrutinized by the trier of fact, an accomplice is a competent witness and a defendant may be convicted on the uncorroborated testimony of an accomplice. *Griffin v. State* (1986), Ind., 493 N.E.2d 439, 442; *Davis v. State* (1985), Ind., 472 N.E.2d 922, 925. This court does not judge the credibility of witnesses nor reweigh the evidence. Rather, we look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact the verdict will not be overturned. *Everroad v. State* (1982), Ind., 442 N.E.2d 994, 1003. It is for the trier of fact to reject a defendant's version of what happened, to determine all inferences arising from the evidence, and to decide which witnesses to believe. *Id.*

Here, the evidence was sufficient to sustain Douglas's convictions. The jury was presented with evidence that Douglas and Harris at gunpoint hijacked the Vonburg van while it was occupied by Sidney Vonburg, Matthew Vonburg, and C.S. Douglas demanded money and items of value. Sidney Vonburg was made to lie face down in the back of the van, while C.S. was ordered to a couch. Douglas, still armed with the pistol, forced C.S. to perform oral sex and vaginal intercourse. Douglas and Harris then switched places and Harris forced C.D. to submit to intercourse. Douglas and Harris then stole a stereo cassette radio, a purse containing personal papers, a bottle of Pepsi, and the keys to the van.

Douglas presented evidence of an alibi defense. Douglas testified he was not with Harris the morning of August 7, 1985. He claimed he was at his sister's house on the night in question, playing cards from 11:00 p.m. until 2:00 a.m. with his two sisters. He stated he then returned to his mother's house, staying there the rest of the morning. Both of Douglas's sisters testimony corroborated this alibi. Douglas testified that in March of 1985, he and Harris had gotten into a fight, and Harris had told him that he would get even with him.

Douglas's challenge addresses the weight and credibility of the evidence, which is a province of the fact finder and will not be rejudged on appeal. *Everroad*, 442 N.E.2d at 1003.

**II**

Douglas next contends that the trial court abused it discretion by finding aggravating circumstances and sentencing him to forty (40) year concurrent terms for each count of kidnapping, rape, and criminal deviate conduct, and a twenty (20) year con-

current term for robbery. The record shows the court properly considered mitigating and aggravating circumstances and sentenced Douglas within the bounds of the sentencing statutes. *See* Ind.Code §§ 35–50–2–4, 35–50–2–5. The trial court noted as mitigating circumstances that Douglas was 23 years old with no prior convictions. The court noted as aggravating circumstances the young ages of the victims, that Douglas was the one carrying the gun, and that the court believed Douglas needed long term correctional-rehabilitative treatment. The court also noted that Harris had admitted his guilt and received a sentence of thirty-five (35) years. We find these reasons to be sufficient and do not perceive the sentences imposed by the trial court to be manifestly unreasonable in light of the nature of the offense and the character of the defendant. *See Gary v. State* (1984), Ind., 471 N.E.2d 695, 700; *Galmore v. State* (1984), Ind., 467 N.E.2d 1173, 1178–79; *McMichael v. State* (1984), Ind.App., 471 N.E.2d 726, 733, *trans. denied.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.