**William E. PIKE, III, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00-8707-CR-699.

Supreme Court of Indiana.

Jan. 5, 1989.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

A jury found defendant-appellant William E. Pike, III guilty of the crimes of burglary, a class B felony, and theft, a class D felony, and found defendant to be a habitual offender. In his direct appeal before this Court, defendant presents two issues for review: 1) evidence sufficiency; and 2) jury instructions.

### Evidence Sufficiency

The defendant asserts that the evidence fails to show his participation in the burglary. He bases this assertion on an inconsistency in the testimony of an accomplice and his alibi defense.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

On the evening of July 4, 1986, at approximately seven p.m., the Haywood family returned to their Marion County, Indiana, home from a family outing. As they traversed their long, single lane driveway from the street to their home, an older gold or copper colored Pontiac Grand Prix automobile approached them from the direction of their home. The Haywoods were in two separate automobiles. Marilyn was in the lead, accompanied by her three small children. Her husband Thomas was close behind. Not recognizing the Pontiac or the driver, Thomas Haywood signaled the Pontiac to stop and asked the driver what he was doing in the victim's driveway. Instead of replying, the driver of the Pontiac, later identified as Samuel Carter South, sped away. Haywood chased the Pontiac for some time. When the Pontiac finally pulled over because it had run out of fuel, South exited the automobile, walked to the window of Haywood's automobile directly behind the Pontiac, and after giving a false name, apologized for fleeing from the driveway. South explained he had only been attempting to locate the house of a friend and had become frightened when the victims entered the driveway. Accepting this explanation after first memorizing the Pontiac's license number, Haywood returned to his home to find it had been burglarized.

Marilyn Haywood had first made this discovery, for as her husband sped out of the driveway in chase of South, Mrs. Haywood proceeded up her driveway toward her home. While still inside her automobile, she noticed the front door, which was locked when she left her home earlier in the day, was now open. She began honking her horn in an attempt to flush out any potential burglars. An unknown young man wearing a white tee shirt and dark colored pants, and holding a rifle or shotgun in one hand and a bag in the other, came to the front door for several seconds. Mrs. Haywood exited the driveway, drove to a neighbor's home, and called police. Later, the Haywoods discovered their front door had been kicked in, and that a microwave oven, a jewelry box, three guns, some cuff links and other small items had been stolen.

While in police custody, South implicated the defendant. He later plead guilty to the burglary, but his plea was not pursuant to any promise of leniency or agreement.

At trial, South, his mother and his girlfriend testified that the defendant was wearing a white tee shirt and dark pants on the evening of the burglary. South impli-

cated a third person, but did not deny the defendant's participation in the burglary.

■ The testimony of an accomplice must be highly scrutinized by the trier of fact, but it can alone support a defendant's conviction. *Douglas v. State* (1988), Ind., 520 N.E.2d 427. In the present case, the accomplice linked the defendant with the crime. His testimony was corroborated by other witnesses who described the clothing of the defendant and of the man inside the burglarized house. Moreover, if the State's evidence is credible, the jury may disbelieve the defendant's alibi evidence. *English v. State* (1985), Ind., 485 N.E.2d 93. The evidence sufficiently establishes the defendant's identity as one of the burglars.

### Jury Instructions

Defendant contends the trial court erred in giving the following instruction, arguing that the instruction confused the jury and "place[d] undue influence upon that portion of the State's case which is in the most conflict with Defendant's presentation of the evidence."

> A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense even if the other person: 1) has not been prosecuted for the offense; 2) has not been convicted for the offense; or 3) has been acquitted of the offense.

■ Jury instructions lie largely within the trial court's discretion. *Coonan v. State* (1978), 269 Ind. 578, 382 N.E.2d 157, *cert. denied*, (1979), 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246. We have previously observed that it is generally proper to give instructions in the exact language of the statute when the statutory language is not unconstitutionally vague or misleading. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, *cert. denied*, (1986), 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349. The above quoted instruction is predicated upon and nearly identical to Ind.Code § 35-41-2-4, which provides:

> A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:
> 1) has not been prosecuted for the offense;
> 2) has not been convicted of the offense; or
> 3) has been acquitted of the offense.

■ In Indiana, a person who aids another person to commit an offense is equally as guilty as the actual perpetrator of the offense. *Chinn v. State* (1987), Ind., 511 N.E.2d 1000; *Ross v. State* (1978), 268 Ind. 608, 377 N.E.2d 634. It is not necessary that the evidence demonstrate the accomplice personally participated in the commission of each element of the offense. *Wilson v. State* (1983), Ind., 455 N.E.2d 1120. Moreover, one may be charged as a principal and convicted on evidence that he aided in the commission of the crime. *Abrams v. State* (1980), 273 Ind. 287, 403 N.E.2d 345. When there is some evidence that a second party was involved in the crime an instruction on accessory liability is proper. *Dorsey v. State* (1986), Ind., 490 N.E.2d 260.

South's testimony at defendant's trial that a third person participated with South and defendant in the burglary of the victim's home supports the trial court's giving of this instruction. We fail to see how this instruction could have confused the jury under the circumstances of this case, nor do we agree with defendant's contention that the instruction placed "undue influence upon that portion of the State's case which is in the most conflict with Defendant's presentation of the evidence."

■ During the habitual offender phase of defendant's trial, the trial court gave the following two instructions:

> You are instructed that on or about January 7, 1983, the offense of "burglary" was a felony in the State of Indiana. You are instructed that on or about January 24, 1985, the offense of "theft" was a felony in the State of Indiana.

Correctly observing that it is solely within the province of the jury to determine whether the State of Indiana has met its burden of proof as to whether or not defendant is a habitual offender, defendant

argues the trial court erred in giving the two above quoted instructions because they usurped the fact finding and law finding authority of the jury. Contrary to defendant's argument, we have previously held that it is proper for the trial court to take judicial notice of the law and so instruct the jury. *Hernandez v. State* (1982), Ind., 439 N.E.2d 625. The trial court did not err in giving the above instruction.

The trial court's judgment is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.