**Donald KING, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8805–CR–512.

Supreme Court of Indiana.

July 12, 1989.

**1204**

Howard Howe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A trial by the court without a jury resulted in the conviction of appellant of Rape, a Class B felony, two counts of Criminal Deviate Conduct, Class B felonies, and Burglary, a Class B felony. He received sentences of fifteen (15) years each for Counts I, II, and III, those sentences to be served concurrently. He received a sentence of thirteen (13) years on the burglary count to be served consecutively to the other sentences.

The facts are: The victim of the crimes testified that appellant was her former boyfriend. On April 10, 1987, he called her at her home and asked her if she were going to have sex with him. When she responded, "No," he replied, "I'm going to get you, Bitch," and hung up. A few minutes later appellant arrived at the victim's home and while he was breaking in she called police on the 911 line and told them that the defendant was at her house, that he was breaking in, and that she was fearful. The police operator asked her to keep the line open and that aid would be sent. When appellant accomplished the break-in, he immediately began attacking the victim. The attack was recorded on the police line, and a copy of the tape was introduced as State's Exhibit 9. Police arrived while appellant was still in the victim's home and arrested him immediately.

Police testified that the victim was hysterical at the time. The victim testified that after appellant broke into her home he forcefully raped her, forced her to commit fellatio, and forced her to submit to cunnilingus.

Appellant claims the trial court erred in admitting State's Exhibit 9 into evidence. He contends the State failed to establish the authenticity of the tape because the original tape was never heard by the offi-

cer nor compared with the copy of the original which was introduced as State's Exhibit 9.

Appellant also claims the copy of the tape was not of sufficient clarity and intelligibility to warrant its introduction into evidence. He points to the fact that at some ninety times in the tape the voices of the victim and the intruder are "inaudible."

 In *Indiana Bell Telephone Co. v. O'Bryan* (1980), Ind.App., 408 N.E.2d 178, the court stated that a duplicate tape recording requires no more foundation than does the original for admission into evidence. In *Lamar v. State* (1972), 258 Ind. 504, 282 N.E.2d 795, this Court stated that like the admission of a photograph, all that is required of a tape recording to be admitted is a showing that it is an adequate representation of that which is intended to be portrayed.

In the case at bar, the original tape was a continuous police recording made through the victim's telephone which had been left off the hook during the attack. An examination of the content of the tape leaves little room for speculation as to its authenticity. Although at numerous places the voices are inaudible, the identification of the victim and her address is clearly audible, her statement as to the identity of her attacker is likewise audible, and throughout the attack she repeatedly calls him Don and Donald. The audible portions of the tape clearly demonstrate that a sexual attack is in progress. The authenticity of the tape is further established by the arrival of police officers in the home while appellant was still on the premises, and their voices can be heard describing what is occurring and the fact that they are making an arrest.

We would further point out that when one totally discounts the tape there is sufficient evidence in this record to establish the commission of the crimes through the testimony of the victim. She testified in detail as to the break-in, the rape, and the two acts of deviate conduct to which she was forced to submit and perform. The conviction for rape may be sustained solely on the basis of the testimony of the prosecuting witness. *Swope v. State* (1986), Ind., 490 N.E.2d 736; *Arnold v. State* (1982), Ind., 436 N.E.2d 288.

If there is substantial evidence of probative value to support the conclusion of the trier of fact, his judgment will not be overturned. *Douglas v. State* (1988), Ind., 520 N.E.2d 427. There is ample evidence in this record to support the decision of the trial judge.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.