**J.B. KIMP, III, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 45S00–8612–CR–1066.

Supreme Court of Indiana.

Dec. 4, 1989.

Transfer Denied Feb. 20, 1990.

Ellen S. Podgor, Pauper Appellate Counsel, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, J.B. Kimp, III, was convicted of robbery and determined to be a habitual offender. He received a two-year robbery sentence enhanced by twenty years for the habitual offender determination. In his direct appeal, the defendant presents several issues which we restate for review:

1. scope of redirect examination;
2. admissibility of opinion on another's state of mind;
3. denial of motion for mistrial;
4. sufficiency of evidence of robbery;
5. lesser included offense instruction;
6. documentary habitual offender evidence; and
7. sufficiency of habitual offender evidence.

In brief, the defendant was apprehended after he left a supermarket with money he obtained by accosting a cashier, demanding money, and threatening harm while pointing an object from inside his pocket at the cashier.

### 1. Scope of Redirect Examination

■ Following the cross-examination of Sheryl Vargas, the cashier, and over the defendant's objection, the trial court permitted the State on redirect examination to question Vargas concerning a photographic identification she made of the defendant approximately nine or ten hours after the robbery. The defendant concedes that the

scope and extent of redirect examination are matters within the sound discretion of the trial court, whose ruling will not be disturbed absent an abuse of discretion. *Staggers v. State* (1985), Ind., 477 N.E.2d 539. He contends that the trial court abused its discretion in allowing redirect examination here because it was outside the scope of cross-examination. We disagree.

■ Generally, the scope of redirect examination is confined to answering any new matter raised during cross-examination. Once a party raises a subject on cross-examination, it is permissible for the opposing party to pursue that subject on redirect examination. "A defendant may not open an issue and have it closed at his convenience." *Kalady v. State* (1984), Ind., 462 N.E.2d 1299, 1309.

On direct examination, Vargas identified the defendant as the man who robbed her. On cross-examination, defense counsel questioned Vargas whether she was able to describe the facial characteristics of the robber for the police shortly after the robbery. On redirect examination, the State sought to question Vargas concerning a photographic identification of the defendant that she made nine to ten hours after the robbery. The trial court overruled the defendant's objection to this line of questioning after concluding that the defendant's cross-examination constituted a challenge to Vargas's identification of the defendant and thus redirect examination concerning Vargas's photographic identification of the defendant was appropriate. In light of the cross-examination conducted by defense counsel, we find no abuse of discretion by the trial court in permitting the State to pursue upon redirect examination the subject of Vargas's identification of the defendant.

1. The complete colloquy is as follows:
Q: Could you tell us what, in your opinion, her emotional state was?
A: Umm—
By Mr. Shaps [defense counsel]: I will object to that, that is first of all, speculative; it is an "opinion." There is no foundation for even his ability to give that kind of opinion.

### 2. Admissibility of Opinion on Another's State of Mind

■ The defendant contends that the trial court erred in allowing a police officer to express his opinion as to the emotional state of cashier Vargas. This error, he claims, prejudiced him by serving as direct evidence of a threat to use force, an element of the charged robbery.

During the direct examination of the officer, the State posed the following question: "Could you tell us what, in your opinion, [Vargas's] emotional state was?" Over the defendant's objection, the officer replied that "[s]he was somewhat upset and stated that she had just been robbed and I began asking her questions with regards to the person that was involved in the robbery." [1]

■ The defendant is correct in his contention that a witness may not give an opinion as to the state of mind or the thought processes of another person. This Court stated in *Strickland v. State* (1977), 265 Ind. 664, 669, 359 N.E.2d 244, 248:

Generally, the opinion rule excludes an eyewitness's conclusion as to the state of mind of another person. This is the province of the jury, which is equally able to infer a person's state of mind or emotions from testimony limited to particular facts and circumstances observed by the eyewitness. Although there is authority for a different view, the jury determines the psychological facts; the witness is limited in his testimony to the indicia he observed.

Here, the State was erroneously permitted to ask the officer's opinion regarding the cashier's mental state rather than his observations of the cashier's appearance and manner from which a jury could infer her emotional state. *Cf. Franks v. State* (1975), 262 Ind. 649, 323 N.E.2d 221.

By The Court: Objection overruled. He indicated he has been an officer for eleven years, he can give an opinion as to an emotional state of a person, counsel.
A: She was somewhat upset and stated that she had just been robbed and I began asking her questions with regards to the person that was involved in the robbery.
Record at 121.

Nevertheless, we find the error to be harmless because the evidence adduced thereby, the element of a threat to use force, was separately established by substantial independent evidence. *See Bates v. State* (1986), Ind., 495 N.E.2d 176. Vargas testified that the robber threatened to kill her if she did not comply with his demand for money. She also stated that the robber appeared to have an object concealed in his pocket which he pointed at her. No reversible error occurred.

### 3. Denial of Mistrial

■ During direct examination, the State asked one of the police officers whether he could identify the defendant. Pointing to the defendant, the officer stated, "The defendant, sitting there with the brown jail clothes or the blue jail clothes— I'm sorry." The defendant immediately moved for a mistrial on the grounds that the officer had specifically brought to the jury's attention the fact that defendant was wearing jail clothes. At a bench conference, the trial court denied the motion, but offered to admonish the jury. The defendant refused this offer, following which the trial court observed, "The Court believes it is obvious to everybody in this room that he's in fact, in jail clothes, and certainly, the statement by the officer should not have been made, but I don't think it was a calculated statement to arouse prejudice. Your motion for mistrial is denied. Proceed." The defendant now contends that the denial of his motion for mistrial denied him due process.

■ A mistrial is an extreme remedy that is appropriate where the defendant has been placed in grave peril and lesser curative measures will not suffice. *Cornelius v. State* (1987), Ind., 508 N.E.2d 548, 550. The granting of a mistrial lies within the sound discretion of the trial court, and failure to grant such a motion is reversible error only where there is an abuse of that discretion. *Boyd v. State* (1982), Ind., 430 N.E.2d 1146. The essence of the defendant's trial objection was that without the officer's comment the jury would not have realized that the defendant was wearing jail clothes. As shown by the trial court's observation, the officer did not inform the jury of an improper matter of which they were not aware. Thus the comment did not cause grave peril requiring the granting of a mistrial.

### 4. Sufficiency of Evidence of Robbery

■ The defendant challenges the sufficiency of the evidence to support his conviction for robbery. Specifically, the defendant contends there was insufficient evidence that he used or threatened to use force, a required element of the offense.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Robbery, a Class C felony, is defined by Ind.Code § 35–42–5–1 as follows:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in serious bodily injury to any person other than the defendant.

To establish the element of threat in the offense of robbery, as a Class C felony,

[t]his Court has long recognized that the particular degree of force necessary to constitute robbery is not defined by statute or the common law. We have held that the degree of force used to constitute the crime of robbery has to be a greater degree of force than would be necessary to take possession of the victim's property if no resistance was offered and that there must be enough

force to constitute violence. The nature of the threatened force is not material in the definition of robbery as a Class C felony and any threat of force, conveyed by word or gesture will suffice. [citations omitted]

*Maul v. State* (1984), Ind., 467 N.E.2d 1197, 1199.

A review of record most favorable to the judgment reveals that in the early morning hours of January 7, 1986, the defendant entered a supermarket in Gary, Indiana, walked up to the checkout counter, and told the cashier, Sheryl Vargas, to "put all the money in a bag or you're dead." Vargas testified that at that time the defendant had his hand in his pocket and was pointing something from inside the pocket at her. The defendant also moved the hand within his coat pocket as he made the threat to Vargas. Complying with the defendant's demand because she "didn't want to be dead," Vargas placed all the money from the cash register inside a small bag, and gave the bag to defendant, who then left the store.

This is clearly sufficient evidence of a threat to use force to sustain the defendant's conviction for robbery.

### 5. Lesser Included Offense Instruction

The defendant contends that the trial court erred in refusing to instruct the jury on the lesser included offense of theft.

The test for determining whether an instruction on a lesser included offense should be given involves a two-step inquiry. We first determine whether the lesser offense is either inherently or factually included in the language of the statute and the document charging the greater offense. *Whipple v. State* (1988), Ind., 523 N.E.2d 1363. The second step involves examining the evidence to determine whether an instruction on the lesser offense is warranted. *Id.* An instruction on the lesser offense should be given where a serious evidentiary dispute exists respecting the element that distinguishes the greater from the lesser offense. *Id.*

The elements that distinguish robbery from theft are force or fear. *Taylor v. State* (1986), Ind., 495 N.E.2d 710. Citing *Landers v. State* (1984), Ind., 464 N.E.2d 912, and *Rogers v. State* (1979), 272 Ind. 65, 396 N.E.2d 348, the State concedes that the first step is satisfied, but argues that the lesser included offense instruction was not warranted by the evidence.

The sole eyewitness to this crime, cashier Vargas, testified that the defendant appeared to be pointing a concealed weapon at her and told her to "put all the money in a bag or you're dead." The defendant did not present any evidence. From this we find no serious evidentiary dispute on the element of the use or threat to use force; thus, the defendant's tendered instruction on theft was properly rejected. *See Gary v. State* (1984), Ind., 471 N.E.2d 695.

### 6. Documentary Evidence—Habitual Offender Phase

The defendant argues that during the habitual offender phase the trial court erroneously admitted improperly certified records of his prior convictions.

First, the defendant contends that two certified records, State's exhibits # 1 and # 3, were improperly admitted because the clerk who properly certified the records on March 13, 1986, was no longer the clerk at the time of the defendant's trial in June 1986. The defendant does not challenge the propriety of the clerk's March 1986 certification. We find no error in the admission of exhibits # 1 and # 3. That the clerk who certified the records no longer continued in that capacity at the time of the defendant's trial does not affect our analysis.

Without benefit of authority, the defendant also contends State's exhibits # 2 and # 4, which were certified by the record-keeper for the Westville Correctional Center, were improperly admitted because the record-keeper was not the proper party to keep commitment papers on the defendant. The proper party, the defendant contends, would be the Clerk of the Lake Superior Court, where the conviction was obtained. In *Harmer v. State* (1983),

Ind., 455 N.E.2d 1139, we resolved this issue adverse to the defendant's position. The trial court did not err in admitting exhibits # 2 and # 4.

Lastly, and again without authority, the defendant contends that Jane Firanek, the person who certified State's exhibits # 2 and # 4, failed to provide in the certification her official title, without which it is impossible to ascertain whether the person who signed was the rightful person to have signed as record-keeper for the Westville Correctional Center. However, a reading of the exhibits reveals that Jane Firanek was "officially designated as the keeper of the Records for the Westville Correctional Center, Indiana Department of Correction." Moreover, the exhibits were attested by a Notary Public who knew Jane Firanek to be the record-keeper of the Indiana Department of Correction. Again, the defendant has failed to show error in the admission of the exhibits.

### 7. Sufficiency of Habitual Offender Evidence

 The defendant asserts that the evidence is insufficient to support the habitual offender determination because the documents used to support this finding were improperly certified. He further contends the trial court improperly instructed the jury that the underlying crimes of robbery and escape were felonies.

When reviewing a challenge to the sufficiency of the evidence, this Court applies the same standard to both convictions and habitual offender determinations. *Connell v. State* (1984), Ind., 470 N.E.2d 701.

Regarding the first part of the defendant's argument, we have previously determined that the documents, State's exhibits # 1 through # 4, were properly certified and that the trial court did not err in admitting them. From these exhibits, the jury could conclude beyond a reasonable doubt that defendant has accumulated two prior unrelated felony convictions: robbery, a class C felony, and escape, a class D felony.

The second aspect of the defendant's argument is subject to *Hernandez v. State*

(1982), Ind., 439 N.E.2d 625, wherein we held that it was proper for the trial court to take judicial notice of the law and so instruct the jury. Thus, the trial court here did not err in instructing the jury that the Indiana crimes of robbery and escape are felonies. *See Pike v. State* (1989), Ind., 532 N.E.2d 3. The defendant's reliance on *Cavendish v. State* (1986), Ind., 496 N.E.2d 46, is unavailing. The trial court there instructed the jury that a prior Tennessee conviction was for a felony when proof of applicable Tennessee law was not in evidence. However, the charged predicate felony convictions in the present case involved Indiana law of which the trial court may properly take judicial notice. *Pike*, 532 N.E.2d 3.

We find that sufficient probative evidence existed for the jury to find beyond a reasonable doubt that defendant was a habitual offender.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.