Jacqueline R. PEPPER,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9002–CR–133 [1].

Court of Appeals of Indiana,
First District.

Aug. 27, 1990.

Robert A. Zaban, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Jacqueline R. Pepper appeals her conviction for Criminal Mischief[2], a Class A misdemeanor. We affirm in part, reverse in part, and remand with instructions.

## FACTS

We adopt the State's Statement of the Facts[3]:

"The Defendant lived next door to Lawrence Council and Brenda Jefferson. However, the relationship between the two households was less than amicable as police intervention was necessary on prior occasions to quell disputes.

On May 24, 1989, the Defendant's father presented a bill to Council for a window broken at the Defendant's house. The Defendant claimed the window was broken by Jefferson's daughter. When Council refused to accept the bill, the Defendant picked up a brick and threw it through the dining room window of Council and Jefferson's house. The Defendant's father threw a brick through a different window."

Appellee's brief at 1–2 (cites to record omitted).

1. This case was diverted to this office by order of the Chief Judge.

2. IND.CODE § 35–43–1–2.

3. The appellant improperly recites testimony of the witnesses as the substance of her facts section. *FMC Corp. v. Brown* (1988), Ind.App., 526 N.E.2d 719, 723 n. 1; Ind.Appellate Rule 8.3(A)(5).

## ISSUES

We restate the issues on appeal as:

1. Whether reversible error was committed when the trial court sustained the State's objection to a question asked Pepper on direct examination.

2. Whether Pepper's conviction for criminal mischief as a Class A misdemeanor is supported by sufficient evidence.

## DISCUSSION AND DECISION

*Issue One*

Pepper argues the trial court erred in excluding evidence during her testimony on direct examination. Specifically, the State objected to the following question: "Q: Is there any reason you can think of as to why ... Mrs. Jefferson would accuse you of having thrown a brick through her window?" Record at 182. The trial court sustained the objection because the question called for speculation.

Pepper failed to preserve this issue for our review, because no offer of proof was made at trial. *Moritz v. State* (1984), Ind. App., 465 N.E.2d 748, 755, *trans. denied.*

■ Notwithstanding Pepper's failure to preserve the issue for appeal, we do not find the trial court erred in sustaining the objection. A witness cannot speculate on the thought processes of another. *Kimp v. State* (1989), Ind., 546 N.E.2d 1193, 1195, *trans. denied.* Pepper's counsel asked Pepper to opine on Mrs. Jefferson's motivation, which is inadmissible as a conclusion of another's thought process. Therefore, we find no error in the trial court's exclusion of this evidence.

*Issue Two*

■ Pepper contends the evidence was insufficient to prove criminal mischief as a Class A misdemeanor, because the element of damages was lacking. We review a claim of insufficient evidence by considering the facts and reasonable inferences therefrom most favorable to the trial court's decision. We reverse only when there is no substantial evidence of probative value to support the trial court's con-

clusion. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672.

■ Pepper argues I.C. § 35–43–1–2 requires the State prove a pecuniary loss of $250 to $2,500 for a Class A misdemeanor conviction. We agree with Pepper's interpretation of the statute. I.C. § 35–43–1–2 provides:

"A person who:

(1) recklessly, knowingly, or intentionally damages property of another person without the other person's consent; or

(2) knowingly or intentionally causes another to suffer pecuniary loss by deception or by an expression of intention to injure another person or to damage the property or to impair the rights of another person; commits criminal mischief, a Class B misdemeanor. However, the offense is (A): a Class A misdemeanor if; the pecuniary loss is at least two hundred fifty dollars ($250) but less than two thousand five hundred dollars ($2,500)[.]"

Without proof of the amount of the damage, the offense of criminal mischief cannot be elevated to a Class A misdemeanor. Therefore, the trial court improperly found Pepper guilty of criminal mischief, as a Class A misdemeanor, because no evidence was presented that the property damage met the threshold of $250 as required by the statute.[4]

A defendant may be convicted of a lesser included offense in lieu of the crime charged in the information. I.C. § 35–1–39–2; *see Roddy v. State* (1979), 182 Ind.App. 156, 164, 394 N.E.2d 1098, 1104. The information only charged Pepper with a Class A misdemeanor; however, criminal mischief as a Class B misdemeanor is a lesser included offense of criminal mischief, a Class A misdemeanor. *Cf. Evans v. State* (1987), Ind., 516 N.E.2d 36, 39 (A Class C robbery is an inherently or necessarily included offense of Class B robbery.) Criminal mischief as a Class B misdemeanor only requires proof of damage, not the amount of damage. *Strosnider v.*

---

4. In the record, the only mention of the amount of damage to the property was found in the Information and Probable Cause Warrant, which both valued the damage at $100.

*State* (1981), Ind.App., 422 N.E.2d 1325, 1329, *trans. denied.* The State presented evidence that property was damaged and sufficiently proved the elements of criminal mischief as a Class B misdemeanor.

Therefore, we affirm on Issue 1, but reverse on Issue 2. We remand to the trial court with instructions to vacate its judgment on criminal mischief, Class A misdemeanor, and order entry of judgment of criminal mischief, a Class B misdemeanor.

Affirmed in part, reversed in part, and remanded.

BAKER and CONOVER, JJ., concur.