## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 14 2015, 9:46 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ryan P. Dillon
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua Donica,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 14, 2015

Court of Appeals Cause No.
55A01-1408-CR-346

Appeal from the Morgan Superior Court.

The Honorable Christopher L. Burnham, Judge.

Cause No. 55D02-1210-CM-1346

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Joshua Donica (Donica), appeals his conviction for criminal mischief, as a Class A misdemeanor, Ind. Code § 35-43-1-2(a)(1) (2013).

We affirm.

## ISSUE

Donica raises one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain Donica's conviction.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment are as follows. On November 5, 2013, Devin Noel (Devin), his wife Cynthia (Cynthia), and step-daughter (collectively, the Noels) were driving on Grizzly Lane in Morgan County, Indiana. They planned on returning a weed wacker they had previously borrowed from Cynthia's sister-in-law. However, finding no one at home, the Noels turned around and returned home. When driving to their residence, they passed the house of Donica and Devin's sister, Jessica Noel.

While stopped at a stop sign at the intersection of Ballinger and Wilbur Road, Donica's truck approached them from behind at very high speed and pulled up

to the left side of the Noels' vehicle. Donica exited his truck and started yelling at the Noels that they were not allowed to be on his road. Donica carried a wooden axe handle in his hand and began to approach the Noels' car. Devin turned right and continued to drive to the Noels' residence. Donica returned to his vehicle and followed them. Afraid that Donica would run them off the road, Cynthia made Devin pull over on the side of the street. Donica again exited his car and, this time, swung the wooden handle, hitting the Noels' car two to three times.

[6] After the altercation ended, the Noels filed a police report with the Morgan County Sheriff's Department. Morgan County Sheriff's Deputy Jeremy Long (Deputy Long) spoke with Cynthia, took photos of the damage, and requested her to get a cost estimate to fix the damage to the vehicle. Cynthia provided Deputy Long with a document from Weida's Collision in Martinsville, which estimated the damages at $971.43.

[7] On October 10, 2013, the State filed an Information, charging Donica with a Class A misdemeanor criminal mischief. On July 14, 2014, the trial court conducted a bench trial, at the close of which the trial court found Donica guilty as charged. On the same day, the trial court imposed a 180-day executed sentence. On October 21, 2014, pursuant to a sentence modification, Donica was sentenced to 365 days with ninety days executed and 275 days suspended. Additionally, Donica was placed on probation for 300 days.

[8] Donica now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Donica contends that the State failed to present sufficient evidence beyond a reasonable doubt to support his conviction for criminal mischief, a Class A misdemeanor. Generally, in addressing a claim of insufficient evidence, an appellate court must consider only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, and determine therefrom whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glenn v. State*, 884 N.E.2d 347, 355 (Ind. Ct. App. 2008), *trans. denied*.

To convict Donica of criminal mischief as a Class A misdemeanor, the State was required to establish that Donica "recklessly, knowingly, or intentionally damage[d], or defaced[d] property of another person without the other person's consent" and "the pecuniary loss is at least two hundred fifty dollars ($250) but less than two thousand five hundred dollars ($2,500)." I.C. § 35-43-1-2(a)(1) (2013). In his appellate brief, Donica solely focuses on whether the State sufficiently established the statutory damage element. Specifically, Donica maintains that because the written estimate was never admitted into evidence, the actual value of the damages remains unclear. "Reliance upon a non-itemized 'estimate' alone when the damage was not actually repaired in accordance with said estimate does not equate to a 'pecuniary loss' under the statute." (Appellant's Br. p. 5). We disagree.

[11]     Without proof of the amount of damages, criminal mischief cannot be elevated to a greater offense. *Pepper v. State*, 558 N.E.2d 899, 900 (Ind. Ct. App. 1990). However, "[o]nce it is established that the amount of damages is over [the threshold amount set forth in the statute], the exact amount is irrelevant in completing that element of the crime." *Mitchell v. State*, 559 N.E.2d 313, 314 (Ind. Ct. App. 1990), *trans. denied*.

[12]     At trial, Deputy Long testified that Cynthia submitted an estimate for the damage to the vehicle a couple of days after filing the report. He affirmed that he "actually received that document" and "wrote" down the estimate of $971.43. (Transcript p. 42). Deputy Long clarified that he then sent the estimate "to the prosecutor's office with the rest of the report." (Tr. p. 42). In addition, Devin testified that he had obtained an estimate from Weida's Collision in Martinsville for "[n]ine hundred and some dollars." (Tr. p. 24).

[13]     In support of his argument that the damage element was insufficiently established, Donica references a statement from the trial court, in which the court declared:

> As far as restitution is concerned, I would direct that the victims bring a civil action. They can obtain up to three times their action, prove damages, and attorney fees. So they can prove their case that way and receive their damages that way as well. I don't want to get into a squabble as to what is an appropriate amount of damages here because it's pretty . . . obviously there may be some other questions as to what else was getting fixed that might not be related to this. So I'll let the civil process deal with that.

(Tr. p. 70). Donica asserts that this statement expresses a concern about the correctness of the estimate. However, the trial court's advice was rendered after Donica was found guilty of the crime and during the restitution phase of the sentencing. *See* I.C. § 35-50-5-3 (a trial court can impose restitution after finding the defendant guilty). Accordingly, the trial court's statement was not a reflection on the amount of the damage to elevate the charge to a Class A misdemeanor—which was clearly over the threshold for the Class A misdemeanor charge—but rather on the value of the damages as it pertained to restitution.

In sum, Donica did not present any contrary evidence and does not claim that the witnesses were unqualified to render testimony as to the damage element of the Class A misdemeanor criminal mischief statute. *See Womack v. State*, 738 N.E.2d 320, 325 (Ind. Ct. App. 2000), *trans. denied*. In essence, Donica simply asks us to reweigh the evidence presented at the bench trial, which we will not do. Accordingly, we affirm the trial court's conviction.

## CONCLUSION

Based on the foregoing, we hold that the State established Donica's conviction for criminal mischief as a Class A misdemeanor beyond a reasonable doubt.

Affirmed.

Bailey, J. and Barnes, J. concur