Demetrius JACKSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 879S241.

Supreme Court of Indiana.

Oct. 21, 1980.

William F. Kane, Jr., Merrillville, for appellant.

Theodore L. Sendak, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a jury trial of Murder in the Perpetration of a Robbery, Ind. Code § 35–13–4–1 (Burns 1975) and sentenced to life imprisonment. His direct appeal presents the following issues for our determination:

(1) Whether the trial court erred in admitting into evidence the confession of the defendant.

(2) Whether the trial court erred in admitting into evidence a transcript and demonstration of the defendant's confession rather than a video–tape of it.

(3) Whether the evidence was sufficient to support the conviction.

(4) Whether the trial court erred in allowing the evidentiary exhibits to be taken into the jury room during deliberations.

\* \* \* \* \* \*

ISSUE I

On December 30, 1975, the body of Wilbur S. Jenkins was found in a Lake County dumping ground. The cause of Jenkins' death was subsequently determined to be a gun shot wound. Some two and one–half years later, on May 16, 1978, the defendant walked into a Gary Police Department station to confess to the slaying of Jenkins. At that time, the defendant signed a standard *Miranda* waiver form and began relating the details of the crime, whereupon he was taken to the detective's bureau of the Lake County Police Department. There, the defendant again signed a waiver form and confessed to the crime. The confession was video taped and subsequently transcribed by Captain Phil Wleklinski of the Lake County Police Department.

■ Prior to trial, the defendant moved to suppress the confession upon the ground that it had been involuntarily given. The trial court denied the motion, following a full evidentiary hearing. The defendant then properly preserved the issue for appeal by an at--trial objection and inclusion within the motion to correct error.

The defendant contends that the trial court erred in admitting his confession into evidence. His contention is based upon the allegations that he had been incompetent to waive his rights by reason of a recent head injury and alcohol and drug ingestion.

■ It is the State's burden to prove, beyond a reasonable doubt, that the defendant voluntarily and intelligently waived his rights, and that the defendant's confession was voluntarily given. *Grey v. State*, (1980) Ind., 404 N.E.2d 1348; *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811. In considering whether the burden was satisfied we look at the totality of the circumstances to determine whether there was any inducement by way of violence, threats, promises or other improper influence. *Grey*, 404 N.E.2d at 1351; *Nacoff v. State*,

(1971) 256 Ind. 97, 101, 267 N.E.2d 165, 167. However, in reviewing the trial court's ruling upon the issue, we will consider only the evidence which supports that ruling, when the evidence is in conflict, as well as any unrefuted evidence in the defendant's favor. *Grey,* 404 N.E.2d at 1351; *Feller v. State,* (1976) 264 Ind. 541, 545, 348 N.E.2d 8, 12–13.

■ The trial court held a full evidentiary hearing to determine whether the defendant was competent to stand trial. This hearing was held in conjunction with the hearing on the defendant's motion to suppress the confession. The evidence was in conflict as to whether the defendant was competent and as to whether he understood what he was doing when he confessed. Thus, we can not say that there was insufficient evidence to support the trial court's ruling that the defendant was aware of what was transpiring when he confessed. *See Washington v. State,* (1979) Ind., 390 N.E.2d 983, 988.

■ At the suppression hearing, the defendant testified that he had consumed both alcohol and drugs on the morning he confessed. However, the police officers, who witnessed the confession, testified that the defendant did not appear to be intoxicated or under the influence of drugs at the time of the confession. Thus, there is no basis for disturbing the trial court's ruling on the rationality of the defendant. *See Feller,* 264 Ind. at 544–45, 348 N.E.2d at 12–13.

Finally, the record is devoid of any evidence of violence, threats, promises, or other improper influence bearing upon the defendant's conduct.

For the foregoing reasons, we hold that the trial court did not err in admitting the confession into evidence.

1. For cases to the same effect, see, *e.g., Elkins v. State,* (1948) 250 Ala. 672, 674, 35 So.2d 693, 695 ("parol evidence of a confession or inculpatory statement taken down in writing extrajudicial is not secondary evidence"); *McBryar v. State,* (1979) Ala.Cr.App., 368 So.2d 568, 573

## ISSUE II

■ The defendant next contends that the trial court erred in admitting into evidence the *transcribed* confession of the defendant. The contention is based upon the assertion that the video–tape of the confession, rather than the transcription of the confession, was the "best evidence." However, the record demonstrates that the transcribed confession was admitted, not only without objection by the defendant, but also with the express approval of the defendant. This court has stated many times that error must be initially raised by an at-trial objection in order to be considered on appeal. *E.g., Gee v. State,* (1979) Ind., 389 N.E.2d 303; *Bell v. State,* (1977) 267 Ind. 1, 366 N.E.2d 1156.

The defendant also contends that the trial court erred in admitting into evidence a portion of the testimony of Captain Wleklinski of the Lake County Sheriff's Department, who operated the video–tape equipment on the day the defendant confessed. On direct examination, the Captain was asked by the State to demonstrate the manner in which the defendant, during the confession, had demonstrated firing the murder weapon. The defendant objected upon the basis of the "best evidence" rule, contending that the video–tape was the "best evidence" of what was sought to be proved. The trial court overruled the objection and we perceive the ruling as being proper.

■ We initially note that the present case does not involve a situation where a witness testified as to the contents of a writing. Rather, he testified as to things he had personally seen and heard. In other words, Captain Wleklinski was not asked to reveal the contents of the video–tape; he was asked to relate what he had personally seen the defendant demonstrate at the time of the confession. Because of this, the "best evidence" rule is not applicable.[1]

("[b]oth a written confession and the testimony of a witness who heard the statement are primary evidence"); *Parker v. State,* (1976) Ala. Cr.App., 337 So.2d 1378, 1380 ("[b]oth the written statement and the oral testimony of a witness who heard the statement are classed as

Secondly, the defendant at no time contended that the witness' testimony was contradicted by the contents of the video–tape. In *Sanders v. State*, (1976) 264 Ind. 688, 691, 348 N.E.2d 642, 644, we held that the "best evidence" rule did not preclude the admission of oral testimony pertaining to the execution of a *Miranda* waiver. In so doing, we stated:

"That purpose [of the best evidence/original writing rules] is to secure the most reliable information as to the contents of documents, when those terms are disputed. A mystical ideal of seeking 'the best evidence' or the 'original document,' as an end in itself is no longer the goal. Consequently when an attack is made, on motion for new trial or on appeal, upon the judge's admission of secondary evidence, it seems that the reviewing tribunal should ordinarily make inquiry of the complaining counsel, 'Does the party whom you represent actually dispute the accuracy of the evidence received as to the· material terms of the writing?' If the counsel cannot assure the court that

such a good faith dispute exists, it seems clear that any departure from the regulations in respect to secondary evidence must be classed as harmless error."

*Id.* (citing C. McCormick, Evidence § 243 (2d ed. 1972)). Thus, even if we deemed the "best evidence" rule applicable to the facts at bar, any error was harmless inasmuch as there was no dispute as to the accuracy of Captain Wleklinski's testimony.

Finally, the substantial rights of the defendant could not have been prejudiced by the admission of Captain Wleklinski's testimony, because the transcribed confession, mentioned hereinbefore, was admitted without objection and contained the gist of the Captain's testimony.

For these reasons, we can not say that the trial court erred in admitting the testimony of Captain Wleklinski.

## ISSUE III

The defendant's sufficiency argument presupposes the inadmissibility of his confession. Having decided those issues

---

primary evidence"); *People v. Sweeney*, (1960) 55 Cal.2d 27, 38, 9 Cal.Rptr. 793, 799, 357 P.2d 1049, 1055 ("[s]ince the officer was testifying to what he had seen and heard, his testimony was 'primary evidence' whether or not 'part of the same matter was incorporated into a sound recording'"); *People v. Patton*, (1976) 63 Cal. App.3d 211, 220, 133 Cal.Rptr. 533, 538 ("[i]t is well settled that where both a tape recording of a conversation and a witness to the conversation are available at trial, the testimony of the witness is not barred by the best evidence rule"); *People v. Johnson*, (1974) 39 Cal.App.3d 749, 763, 114 Cal.Rptr. 545, 554 ('when one testifies as to what he has seen or heard, his testimony is primary evidence regardless of whether or not the same matter is reduced to writing or incorporated in a sound recording"); *People v. Vaughn*, (1957) 155 Cal.App.2d 596, 599, 318 P.2d 148, 150 ("[t]he testimony of one who hears a confession is always the best evidence of it"); *People v. Kulwin*, (1951) 102 Cal.App.2d 104, 109, 226 P.2d 672, 674 ("[w]hile the recordings might be more reliable and satisfactory evidence under ordinary circumstances than testimony from memory, the latter is not rendered incompetent by the existence of the former"); *Hill v. State*, (1946) 201 Ga. 300, 304, 39 S.E.2d 675, 678 (" '[w]here the accused made oral statements and a written statement tending to incriminate him, it was not error to admit evidence of an oral state-

ment over objection that the oral statements were merged in the writing, and that the latter constituted the best evidence' "); *People v. Spencer*, (1914) 264 Ill. 124, 138, 106 N.E. 219, 225 ("[e]ven if the [written] statement . . . had been admitted . . ., still the oral testimony of those who heard his statement would have been admissible"); *Sanders v. State*, (1959) 237 Miss. 772, 775, 115 So.2d 145, 146 ("[o]ral testimony showing . . . an extrajudicial confession, as well as a signed written confession, is admissible as primary evidence"); *Tyler v. State*, (1930) 159 Miss. 223, 235, 131 So. 417, 420 ("the oral statement of what the accused said, as well as the written confession signed by him, was clearly alike primary evidence"); *People v. Giro*, (1910) 197 N.Y. 152, 160, 90 N.E. 432, 435 ("[t]he rules governing the admission of primary and secondary evidence . . . have no applicability to the confession of a crime"); *Commonwealth v. Lennon*, (1936) 124 Pa.Super. 47, 52, 188 A. 84, 87 ("oral testimony . . . would have been competent to prove the statements of . . . the defendant"); *McDaniel v. Commonwealth*, (1945) 183 Va. 481, 488, 32 S.E.2d 667, 670 ("[w]e are dealing here with something heard by witnesses. The fact that one of them afterwards reduced it to writing does not make the others incompetent") (cases quoted from and citations, omitted throughout). *Contra*, cases cited in 23 C.J.S. *Criminal Law* § 833, at 239 nn.22.10, 22.15 & 23.

against his position, we need not consider the sufficiency of the evidence.

## ISSUE IV

The defendant's final contention is that the trial court erred in allowing the evidentiary exhibits to be taken into the jury room during deliberations. The exhibits enumerated in the defendant's brief are the bullets removed from the victim's body, the photographs of the area where the victim's body was found, a copy of the defendant's transcribed confession and a copy of one of the signed *Miranda* waivers.

In *Thomas v. State*, (1972) 259 Ind. 537, 289 N.E.2d 508, we reversed a first degree murder conviction because the trial court permitted the taking of two out-of-court statements of the State's principal witness into the jury room. In so doing, we adopted § 5.1 of the Standards Relating to Trial by Jury (ABA Project on Standards for Criminal Justice):

"5.1. Materials to jury room.

(a) The court in its discretion may permit the jury, upon retiring for deliberation, to take to the jury room a copy of the charges against the defendant and exhibits and writings which have been received in evidence, except depositions.

(b) Among the considerations which are appropriate in the exercise of this discretion are:

(i) whether the material will aid the jury in a proper consideration of the case;

(ii) whether any party will be unduly prejudiced by submission of the material; and

(iii) whether the material may be subjected to improper use by the jury."

*Thomas*, 259 Ind. at 540, 289 N.E.2d at 509 (emphasis deleted). The basis of our holding in *Thomas* was three-fold: 1) that the statements were of little use to the jury because they had been admitted for impeachment purposes alone; 2) that the statements were unduly prejudicial to the defendant because of the "very conflicting" evidence in the case; and 3) that the statements were subject to improper use by the jury in light of their limited admissibility. *Id.* at 540–41, 289 N.E.2d at 509–10.

 Under our holding in *Thomas v. State, supra,* whether or not the jury is permitted to take exhibits with them when they retire to deliberate is a matter of trial court discretion. We reversed in that case because we found that the ruling violated all three of the considerations for discretion contained in the A.B.A. rule, *supra.* Here, Defendant has shown no abuse of discretion, and we think that none can be shown. It might be argued that having the confession to read and re-read during deliberations would have an undue influence upon the jury; but this is not necessarily so. That the defendant gave the statement was not disputed. Rather, the issue was its voluntariness, *i.e.*, whether or not he was competent at the time it was given. A reading of the lengthy statement, in and of itself, gives rise to a serious question as to whether it was the product of a rational mind. This was a question for the jury to determine, and having the statement for reexamination might well have been helpful in arriving at the final determination upon that issue.

The propriety of sending the other exhibits to the jury room is controlled by our decision in *Marsh v. State*, (1979) Ind., 393 N.E.2d 757. In *Marsh*, we held that it was not an abuse of discretion to send a shotgun, ten photographs and two sketches to the jury room. *Id.* at 763. We there stated: "our review of these exhibits fails to show how the jury could misuse the evidence, how the defendant could be unduly prejudiced by the jury's review of the evidence or why the exhibits would not aid the jury." *Id.* The same thing is true in the case before us.

We find no reversible error. The judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.