**John Edward ROSS, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 481S100.

Supreme Court of Indiana.

Jan. 13, 1982.

David L. Abel, Spangler, Jennings, Spangler & Dougherty, P. C., Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant), following a trial by jury was convicted of rape by deadly force, Ind.Code § 35–42–4–1 (Burns 1979), and sentenced to forty (40) years imprisonment. This direct appeal presents the following issues:

(1) Whether the verdict is supported by sufficient evidence?

(2) Whether the trial court erred in denying Defendant's motion that he be subjected to extensive medical examinations incidental to his plea of insanity.

(3) Whether the trial court erred in enhancing Defendant's sentence?

The evidence, when viewed in a light most favorable to the State, discloses that the prosecutrix was assaulted on a public street and forced to proceed to a vacant lot, where she was raped by her assailant.

\* \* \*

## ISSUE I

Defendant's dual claim of insufficient evidence is addressed to the identification of the assailant and to the issue of deadly force.

It is Defendant's claim that the in-court identification of him by the prosecutrix was tainted by an impermissibly suggestive pretrial "line-up" identification, and that the identification of him by the witness, Black, was inherently unreliable.

■ Defendant made no objection when the defendant was identified at trial by the prosecutrix. The issue, therefore, is not available for review. *Stubblefield v. State,* (1979) Ind., 386 N.E.2d 665.

■ Defendant's claim with reference to Black's identification is one of credibility only, which is the exclusive province of the trier of fact. *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. It is immaterial, on appellate review, that his description of the defendant given to police, as being light complexioned, was at a variance with his in-court testimony that he regarded him as being of a *medium brown complexion.* It is likewise immaterial, on review, that Defendant was wearing a *black coat* when arrested approximately one hour following the attack, although Black had told the police earlier that the assailant was wearing a *three-quarter length jacket.* These observations are so patent as to require no authority in their support.

■ Defendant's claim of insufficient evidence that the rape was accomplished by the use or threat of deadly force, is also without merit. The jury was not precluded *from finding* that a weapon was employed merely because none was seen. Prosecutrix testified that she saw a knife or similar object beneath Defendant's sweater, and that as he covered her mouth with his hand, he said that he would cut her throat. The witness, Black, also testified that during the criminal episode he heard the defendant say

that he would cut the prosecutrix's throat. "A weapon need not be displayed in order to establish the threat of deadly force." *Zollatz v. State*, (1980) Ind., 412 N.E.2d 1200, 1202.

Defendant's claim that the only evidence of the threat of deadly force was that it occurred after the rape had been completed belies the record. The prosecutrix testified in no uncertain terms that it occurred prior to the penetration. (Tr. pp. 246, 247).

## ISSUE II

The rape occurred on April 15, 1980. Defendant was arraigned and pauper counsel for him was appointed on April 25th. On July 28, 1980, Defendant filed a motion for an early trial, and the matter was set for trial on September 29th.

■ On September 3, 1980, Defendant filed a special plea of insanity, and on September 18th, he filed a verified motion to be "transported to an appropriate medical facility to undergo a brain scan, skull and head X-rays, at the expense of the State * * *." He supported his motion with a statement that he had sustained a serious head injury fourteen (14) years earlier. The motion was denied.

Defendant contends that the denial of the motion was an abuse of discretion, given his burden of proof as placed by statute, Ind. Code § 35–41–4–2(a) (Burns 1979). He cites no authority for this position, and we are aware of no reason why one's entitlement to assistance from the state should be controlled by the nature of his plea. In *Himes v. State*, (1980) Ind., 403 N.E.2d 1377, 1378, we said:

"Defendant has cited cases from other jurisdictions holding that an indigent defendant has a right to expert witnesses, at State's expense, but he had not equated these cases to the case before us. The subject has been treated in considerable detail at 34 A.L.R.3d 1256, and it appears that, absent a statute, a rule or due process requirements of fundamental fairness, an indigent defendant is not entitled to the employment at public expense of experts to assist his attorney in the preparation of his case. The entitlement to such assistance has been generally held to rest in the discretion of the trial court. The determination must be made in the context of the case, and we are of the opinion that only a clear abuse of that discretion will loom as a denial of due process."

■ We also note that Defendant withdrew his insanity plea, hence there could be no harm shown with respect to matters relating to that defense. Neither do we find any merit to his contention that he was forced to abandon the insanity defense by the court's denial of his aforementioned motion for the assistance of experts. The defendant's attempt thusly, to "boot-strap" what at most would be harmless error into a reviewable issue is not tenable.

## ISSUE III

■ We do not agree with Appellant's contention that his sentence of forty (40) years is "manifestly unreasonable in light of the nature of the offense and character of the offender." The statute provides for a base or presumptive sentence of thirty (30) years and allows it to be augmented by as much as twenty (20) years for aggravating circumstances. The trial court found that the defendant had a history of criminal activity, was on parole at the time of committing the subject offense, and that the victim of the crime was an infirm person. Additionally, it determined that the defendant was in need of correctional rehabilitative treatment that could best be provided by his commitment to a penal facility and that the imposition of a reduced sentence would depreciate the seriousness of the crime. The record supports these findings.

Rule 2(2) of our Rules for the Appellate Review of Sentences provides that a sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. Under such criteria, it cannot be said that the sentence imposed is "manifestly unreasonable."

By his reply brief, Defendant seeks to present new theories of appeal. This is not permissible. The purpose of the reply is to meet and avoid, if possible, the argument presented by an appellee's answer brief. Defendant, therefore, will not be permitted to abandon his argument that there was no evidence of the threat of deadly force and to substitute a new argument that the evidence thereof was "inherently improbable and uncorroborated."

Neither can we permit Defendant to acknowledge, by his reply brief that his assignment of improper identification evidence was not preserved for appeal and then seek review on a claim of *fundamental error*.

If we were to permit such changes of theory through reply briefs, appellees would be entitled to respond by an additional answer brief, and the briefing could continue ad infinitum.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.