**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Charles M. ROBBINS, Appellee (Defendant Below).**

No. 69A04–8905–CR–194.

Court of Appeals of Indiana, Fourth District.

Feb. 15, 1990.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant.

Mark E. Jones, Shields & Jones, Batesville, for appellee.

## CASE SUMMARY

CHEZEM, Presiding Judge.

Appellant, State, appeals the the trial court's granting of Defendant–Appellee's, Robbins', motion to suppress the results of a serum blood alcohol test performed upon Defendant following an automobile accident.

## ISSUE

Whether the I.C. 9–11–4–6 places limitations upon the State's ability to obtain the results of a serum blood alcohol test.

## FACTS

On July 7, 1988, Defendant was involved in a one person, one car accident; Defendant sustained serious injuries. Defendant was taken to Margaret Mary Community Hospital ("Margaret Mary"), in Batesville, Indiana, for treatment; he was subsequently airlifted to a hospital in Cincinnati, Ohio.

Trooper Vernon Henry of the Indiana State Police had been dispatched to the scene of the accident. When he arrived at the hospital, he requested that the attending physician perform a blood alcohol test upon Defendant. The physician directed Judy Bartlett, the lab supervisor, to perform the test. Bartlett drew a sample and performed a test; Defendant was found to have a blood alcohol content of .169%. Trooper Henry returned to Margaret Mary the following day with a subpoena for the record of the blood alcohol test. Bartlett complied with the subpoena and turned over the record.

On July 14, 1988, Defendant was charged with Operating a Vehicle While Intoxicated, a class A misdemeanor, Operating a Vehicle While Intoxicated, a class D felony, and Operating a Vehicle With .10% Blood Alcohol Content, a class C misdemeanor. Defendant filed a motion to suppress evidence. At the hearing on the motion to suppress Defendant argued the State did not comply with I.C. 9–11–4–6 in requesting that a test be performed. The trial court granted Defendant's motion.

## DISCUSSION AND DECISION

Defendant argues that subsection (g) of I.C. 9–11–4–6 [1] sets forth the conditions

1. The statute, as it existed at the time of the alleged offense, read, in pertinent part, as follows:

> (a) A physician or a person acting under the direction of a physician who:
> (1) Obtains a blood, urine, or other bodily substance sample from a person at the request of a law enforcement officer under this section; or
> (2) Performs a chemical test on blood, urine, or other bodily substance obtained from a person; shall deliver the sample or disclose the results of the test to a law enforcement officer who requests it as a part of a criminal investigation. Samples and test results shall be provided to a law enforcement officer even if the person has not consented to or otherwise authorized their release.
> (b) A physician, a hospital, or an agent of either is not civilly or criminally liable for:

> (1) Disclosing test results in accordance with this section;
> (2) Delivering a blood, urine, or other bodily substance sample in accordance with this section;
> (3) Obtaining a blood, urine, or other bodily substance sample in accordance with this section;
> (4) Disclosing to the prosecuting attorney or the deputy for use at or testifying at the criminal trial of a person as to facts observed or opinions formed; or
> (5) Failing to treat a person from whom a blood, urine, or other bodily substance sample is obtained at the request of a law enforcement officer, if the person declines treatment; or
> (6) Injury to any person arising from the performance of duties in good faith under this section.

which must be met before a blood alcohol test may be performed or, if one is performed, before the results may be turned over to the State. Defendant urges that subsection (g) should be interpreted as a limitation upon the statute; Defendant argues subsection (g) identifies those circumstances which permit the State to have a physician conduct a blood alcohol test. Defendant claims the the taking of the blood sample violated the statute since: (1) the officer did not certify *in writing* to the attending physician that the officer had probable cause to believe that Defendant had violated I.C. 9–11–2; and (2) the accident in which Defendant was involved did not result in the serious bodily injury or death *of another.*

The State counters that subsection (g) is not a limitation, but rather identifies those circumstances which permit the State to *require* that a physician obtain a blood, urine or other bodily substance sample from the subject of investigation.

In *Zimmerman v. State* (1984), Ind.App., 469 N.E.2d 11, this court interpreted the predecessor statute to the present I.C. 9–11–4–6. Judge Miller wrote as follows:

> ... The clear import of this statute is to narrow the scope of the physician-patient privilege by requiring a physician, or one who at a physician's direction performs a blood alcohol test, to divulge the results of the test to a law enforcement officer when requested to do so by a member of the prosecutor's office as part of a criminal investigation. *Thus, the statute does not create any rights in a criminal defendant, and in fact limits the defendant's right to invoke the physician-patient privilege* to prevent the disclosure of blood alcohol results, which might otherwise be construed as being privileged information. *Nothing in the statute indicates it was intended to restrict the ability of a law enforcement official to order hospital personnel to draw a blood sample* for purposes of analysis by a state law enforcement agency for purposes of analysis. (emphasis added).

*Id.*

Judge Miller's analysis of the predecessor statute is also relevant to the present statute. The statute is a part of the chapter which deals with implied consent. To read the statute as a limitation on implied consent would be at odds with the rest of the chapter. As Judge Miller noted, the

(c) For the purposes of this article, the privileges arising from a patient-physician relationship do not apply to the samples, test results, or testimony described in this section, and these samples, test results, and testimony may be admitted in a proceeding in accordance with the applicable rules of evidence.

(d) The exceptions to the patient-physician relationship specified in subsection (c) do not affect those relationships in any proceedings not covered by this article.

(e) The test results and samples obtained by a law enforcement officer under subsection (a) may be disclosed only to a prosecuting attorney or a deputy prosecuting attorney for use as evidence in a criminal proceeding or proceedings under this article.

(f) Nothing in this section requires a physician or a person under the direction of a physician to perform a chemical test.

(g) A physician or a person acting under the direction of a physician shall obtain a blood, urine, or other bodily substance sample if:

(1) a law enforcement officer requests that the sample be obtained;

(2) the law enforcement officer has certified in writing that the officer has probable cause to believe the person from whom the sample is to be obtained has violated IC 9–11–2;

(3) the person from whom the sample is to be obtained has transported to a hospital or other medical facility for treatment;

(4) the person from whom the sample is to be obtained has been involved in a motor vehicle accident that resulted in the serious bodily injury or death of another;

(5) the accident that caused the serious bodily injury or death of another occurred no more than three (3) hours before the time the sample is requested; and

(6) no more than the use of reasonable force is necessary to obtain the sample.

(h) If the person from whom:

(1) The bodily substance sample is to be obtained under subsection (g) does not consent; and

(2) resists the taking of a sample; the law enforcement officer may use reasonable force to assist an individual (who must be authorized under this section to obtain a sample) in the taking of the sample.

I.C. 9–11–4–6 (1988 ed.).

statute does not create any rights in a criminal defendant, but rather limits his right to invoke a privilege.

We agree with the State that subsection (g) was not intended as a checklist which the State must fulfill before it may request that a blood alcohol test may be performed. Rather, subsection (g) was enacted to fill a gap in the statute.

Prior to the enactment of subsection (g), a reluctant physician, or member of hospital staff, could avoid turning such evidence of intoxication over to the State by refusing to draw a blood sample or conduct a chemical test.[2] *See* n. 1, *supra.* Subsection (g) permits the State to require a reluctant physician to draw a blood sample, when certain conditions are met.[3]

Here, there was no evidence that the attending physician was reluctant to draw the blood sample. Therefore, subsection (g) does not apply to this case.

Since a blood alcohol test was performed, subsection (a) required that the results be turned over to the State. Defendant does not argue that the officer lacked probable cause; therefore, the issue is waived. *See Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 80; *Baesler's Super–Valu v. Indiana Commissioner of Labor,* (1986), Ind.App., 500 N.E.2d 243, 249. Thus, the trial court erroneously suppressed the evidence.

Accordingly, we reverse the trial court's order suppressing the blood alcohol test results and remand for further proceedings.

MILLER, J., concurs.

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent to the majority opinion.

The determinative issue is whether the procedure specified in IND. CODE 9–11–4–

6(g) was followed and the facts adduced herein make it obvious that the procedure was not complied with in two particulars. There is an absence in the record of any mention of the officer's certified writing about probable cause and an absence of evidence relating to injury or death of another.

The reasons and policies for the statute as set out in *Zimmerman v. State* are wholly tangential to the only material issue in this appeal.

I would affirm the trial court.

---

**2.** The statute was amended effective March 5, 1988 adding subsections (g)-(j). *See* I.C. 9–11–4–6 (Burns Ind.Stat.Ann. 1989 Supp.); P.L. 92–1988, SEC. 3.

**3.** The statute still permits a physician to refuse to perform a chemical test, even if subsection (g) is satisfied. *See* I.C. 9–11–4–6(f).