**Ronald E. GLASSCOCK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 11A01–9011–CR–465.

Court of Appeals of Indiana, First District.

Aug. 12, 1991.

Opinion on Denial of Rehearing Oct. 16, 1991.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Ronald E. Glasscock appeals his conviction of Operating a Motor Vehicle While Intoxicated Causing Death [1], a Class C felony. We affirm.

## ISSUES

1. Was the evidence of Glasscock's blood alcohol content (BAC) admitted erroneously because the blood samples were

---

1. IND.CODE §§ 9–11–2–1 and 9–11–2–5.

destroyed depriving him of an independent blood analysis and denying his rights to due process?

2. Was the admission into evidence of the lab report error because it was not the "best evidence" of the BAC results?

3. Did the court err in admitting the opinion evidence of Mike Beatty?

4. Did the court err in instructing the jury on the permissive presumption of intoxication established in IND.CODE § 9–11–4–15(b)?

5. Did the blood samples taken from Glasscock violate IND.CODE § 9–11–4–6(g) and the Fourth Amendment rendering the evidence of Glasscock's BAC inadmissible?

## FACTS

On November 29, 1989, at approximately 5:30 p.m., Glasscock's car collided with another vehicle on U.S. 40. Herschel and Marjory Lybarger, the occupants of the other vehicle, died. After Glasscock's car passed Dennis Stewart, Stewart saw Glasscock's car cross the driving lane and strike the Lybarger vehicle. Stewart helped Glasscock out of his station wagon. Stewart and other witnesses detected an odor of alcohol on Glasscock's breath. Dr. Stanley Froderman treated Glasscock in the emergency room at the Clay County Hospital. After he noticed that Glasscock had been drinking, he ordered a blood test. The lab technician tested the blood and found that Glasscock's BAC was .196%.

Glasscock was charged with operating a vehicle while intoxicated resulting in death, reckless homicide, and operating a vehicle with .10% or more BAC resulting in death. On February 9, 1990, Glasscock filed a motion for independent blood analyzation. After discovering that the hospital had destroyed the blood samples seven days after they were taken, Glasscock filed a motion to suppress evidence of his BAC. The court denied the motion.

At a jury trial, several witnesses testified that they observed Glasscock's car driving recklessly just prior to the accident. Glasscock admitted to drinking two martinis, but presented evidence that the alcohol would not have raised his BAC to the level reported by the lab technician. Glasscock objected to the BAC evidence, including the BAC lab report. The jury found Glasscock guilty on all three counts. The court only sentenced Glasscock for operating a vehicle while intoxicated causing death. Glasscock received an eight year sentence.

## DISCUSSION AND DECISION

*Issue One*

Glasscock contends the evidence of his BAC was admitted erroneously because the blood samples were destroyed before an independent blood analysis could be performed. Glasscock seeks reversal of his conviction, claiming the state negligently destroyed material evidence. Negligent destruction or withholding of material evidence by the police or prosecution may present grounds for reversal. *Johnson v. State* (1987), Ind., 507 N.E.2d 980, 982, *cert. denied*, 484 U.S. 946, 108 S.Ct. 335, 98 L.Ed.2d 362. Here, the police and the prosecution never possessed the blood samples. Upon Dr. Froderman's own initiative, blood samples were taken and tested. Afterwards, the samples were destroyed in accordance with the hospital's procedure. Where the police and the prosecution did not possess evidence, the rule requiring reversal of a conviction based upon evidence which was negligently destroyed does not apply. *Everroad v. State* (1991), Ind.App., 570 N.E.2d 38, 47, *trans. pending.*

Furthermore, Glasscock fails to establish bad faith of the police officers. Failure to preserve potentially useful evidence is not a denial of due process unless the defendant shows bad faith. *Id.* In *Nettles v. State* (1991), Ind., 565 N.E.2d 1064, the state possessed blood samples which Nettles sought for independent testing. The court did not order the state to turn over the samples until reasonable security could be provided for the state's evidence. Due to the state's failure to refrigerate the samples in the interim, the samples deteriorated and were not able to be tested again. Nettles sought to exclude the results from the testing which previously had been done by the police. The court found that the report was admissible because the inability to have independent analysis did not affect or invalidate the results of the prior tests and that there was no showing of bad faith in the failure to preserve the blood samples. *Id.* at 1067. Likewise, we do not find the trial court erred in admitting the BAC evidence on this ground.

*Issue Two*

■ Glasscock further complains that the court erred in allowing the BAC lab report into evidence because it was not the best evidence of the BAC results. Glasscock argues that the lab report should have been excluded because the machine printout from the TDX analyzer was neither produced nor accounted for which displays the results of the analysis. Glasscock disputed the accuracy of the lab report. Glasscock contends the best evidence rule required production of the machine printout.

Indiana has not addressed this specific question. Pursuant to the best evidence rule, the North Carolina Supreme Court held inadmissible witness testimony as to the contents of a printout which was not offered into evidence. *State v. Springer* (1973), 283 N.C. 627, 636, 197 S.E.2d 530, 536. Finding prejudicial error by the admission of the testimony, the court ordered a new trial. *Id.* at 636, 197 S.E.2d at 537. We are impelled to conclude that the admission into evidence of the lab report was error, because it was not the best evidence.

■ However, we find that the error was harmless. The purpose of the best evidence rule is to secure reliable information as to the contents of a document when those terms are disputed. Admission of secondary evidence is harmless when no dispute exists regarding its accuracy. *Jackson v. State* (1980), 274 Ind. 297, 301, 411 N.E.2d 609, 612. An effective objection must identify an actual dispute over the accuracy of the secondary evidence. *Lopez v. State* (1988), Ind., 527 N.E.2d 1119, 1125. Our review of the record shows that Glasscock failed to demonstrate to the trial court any particular inaccuracy of the lab report. His objection to the admission of the report merely states: "I would object, Your Honor, for the sake of the best evidence of the reading would be the actual print out from the machine and not a handwritten report." Record at 563–64. "A mystical ideal of seeking 'the best evidence' or the 'original document,' as an end in itself is no longer the goal." *Jackson*, at 301, 411 N.E.2d at 612.

Glasscock did not question the possibility of error in transcription of the results from the printout when he objected to the lab report or when he cross-examined the lab technician. An objection to evidence must be full and comprehensive in pointing out the particular reason for the objection. *Matter of Estate of Palamara* (1987), Ind. App., 513 N.E.2d 1223, 1231; *see also Coleman v. State* (1984), Ind., 465 N.E.2d 1130, 1134–35 (where defendant argued on appeal that video tape was not shown to be authentic and correct, court found objection at trial of "inadequate foundation" was too general to preserve issue for appeal). Because we find there was no dispute at trial as to the accuracy of the lab report, any error in its admission was harmless.

*Issue Three*

■ Glasscock contends the court allowed improper opinion evidence which denied him due process. Mike Beatty, a car sales manager, saw a maroon 1979 Chevrolet Caprice pass by at a very fast pace shortly before the accident. Glasscock was driving a maroon 1979 Chevrolet Caprice. Beatty was permitted to testify that there were only two or three vehicles in Clay County similar to Glasscock's car. Although we agree that Beatty's opinion was improper evidence since it was speculation, we find the admission of such evidence was harmless. The evidence adduced from the improper opinion evidence, that Glasscock was driving recklessly prior to the accident, was established separately by substantial independent evidence. *See Kimp v. State* (1989), Ind., 546 N.E.2d 1193, 1196, *trans. denied* (harmless error to admit improper evidence where evidence adduced thereby was separately established by substantial independent evidence). Several other witnesses testified that they observed Glasscock's vehicle being driven erratically just prior to the accident. We find the admission of Beatty's opinion was harmless error.

*Issue Four*

■ Next, Glasscock contends the court erred in instructing the jury on the permissive presumption of intoxication. Glasscock argues the court failed to advise the jury that the presumption of intoxication is only permissive, not mandatory. Glasscock did not object to the instruction at trial. Failure to raise an objection to an instruction at trial constitutes waiver of the issue on appeal. *Jorgensen v. State* (1991), Ind.App., 567 N.E.2d 113, 123. In Glasscock's reply brief, he contends the giving

of the instruction was fundamental error. A party may not assert new issues in a reply brief. *Ross v. State* (1982), Ind., 429 N.E.2d 942, 945. We refuse to consider Glasscock's argument. *See id.* (court refused to review fundamental error raised in reply brief).

### Issue Five

Glasscock's final argument is that the blood samples were taken in violation of I.C. § 9–11–4–6(g) and the Fourth Amendment making the evidence of Glasscock's BAC inadmissible. In *State v. Robbins* (1990), Ind.App., 549 N.E.2d 1107, the court decided that I.C. § 9–11–4–6(g) permits the State to require a reluctant physician to draw a blood sample when certain conditions are met. *Id.* at 1110. Subsection (g) does not apply when the physician is not reluctant to draw the blood sample. *Id.* The record shows that the physician, on his own accord, ordered the blood sample. As in *Robbins*, I.C. § 9–11–4–6(g) does not apply. Glasscock contends that *Robbins* conflicts with *Justice v. State* (1990), Ind.App., 552 N.E.2d 844. We disagree. The decision in *Justice* is based upon IND.CODE § 9–11–4–7, not I.C. § 9–11–4–6. Also, *Justice* was not involved in a motor vehicle accident, which factor is necessary for the application of I.C. § 9–11–4–6(g).

Lastly, Glasscock contends the Fourth Amendment and Indiana Constitution, Article One, § 11 rights against unreasonable search and seizure were violated when his blood was seized without probable cause. Glasscock argues that there was no evidence that any officer had made any personal observations to amount to probable cause. Glasscock fails to recognize that probable cause is irrelevant because I.C. § 9–11–4–6(g) does not apply here. Dr. Froderman took the blood samples on his own initiative. I.C. § 9–11–4–6(a) required disclosure of the results to the investigating officer. Glasscock's arguments regarding probable cause are inapposite.

Affirmed.

GARRARD, J., concurs.

BAKER, J., concurs in result with separate opinion.

BAKER, Judge, concurring in result.

While I concur with the majority that the trial court should be affirmed and I agree with the holdings of the other issues, I concur only in result with the majority's holding in Issue II. I cannot agree that the trial court erred in admitting the laboratory technician's testimony and lab report instead of requiring the State to admit the TDX analyzer's computer tape as best evidence. I do not believe that the technician's testimony and lab report merely constitute secondary evidence. Neither do I believe that a computer tape should be required in similar cases.

As the majority noted, "[the] purpose of the best evidence rule is to secure reliable information as to the contents of a document *when those terms are disputed.... Jackson v. State* (1980), 274 Ind. 297, 301, 411 N.E.2d 609, 612." (Citations omitted). (Emphasis added.) The requirement of the best evidence is not a goal in itself. *Id.* Put another way, the purpose of the best evidence rule "is to assure that the trier of the facts has submitted to it the evidence upon any issue that will best enable it to arrive at the truth." *Pinkerton v. State* (1972), 258 Ind. 610, 620, 283 N.E.2d 376, 382. Furthermore, the best evidence rule is applied with respect to documentary evidence, such as written instruments. *Id.*

Because Glasscock did not raise the possibility of error in transcription of the results from the computer tape and because the computer tape was not a document, the best evidence rule did not come into play. I find the technician's testimony sufficient evidence to apprise the trier of fact of Glasscock's blood alcohol content. The lack of a computer tape to corroborate the technician's lab report and summary goes to the weight of the test results, not to the admissibility of the lab report and summary.

### ON REHEARING

RATLIFF, Chief Judge.

In his petition for rehearing, Glasscock points out an error in our opinion regarding whether a dispute over the accuracy of the lab report was raised at trial. In the first paragraph of Issue Two, we stated, "Glasscock disputed the accuracy of the lab report." Slip op. at 5. "Disputed" is a typographical error, which we now correct and change to "disputes". This correction reflects that on appeal, Glasscock disputes

the accuracy of the transcription of the lab report. Although Glasscock challenged the accuracy of the test at trial, he did not contend that the results were transcribed inaccurately onto the lab report. Because the accuracy of transcription of the lab report was not in dispute at trial, the admission into evidence of the lab report, although it was not the best evidence, was harmless error.

Rehearing denied.

GARRARD, J., concurs.

BAKER, J., concurs in result with separate opinion.

### CONCURRING IN RESULT

BAKER, Judge.

I concur in the denial of the petition for rehearing. In doing so, however, I stand on my original separate opinion that the best evidence rule does not apply in cases like this one.