**Chad COCHRAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 64A03–0107–CR–246.**

Court of Appeals of Indiana.

July 17, 2002.

---

Charles G. Nightingale, Valparaiso, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Chad Cochran ("Cochran") brings an interlocutory appeal of the denial of his motion to suppress the results of a chemical test. We affirm.[1]

### Issues

On June 21, 2001, the Porter Superior Court IV certified for interlocutory appellate review four issues, which we consolidate and restate as:

I.    Does Indiana Code section 9–30–6–2, a portion of the Indiana Implied Consent Law, violate the Fourth Amendment of the United States Constitution as applied to a motorist who consents to a chemical test absent a warrant, bodily injury or the occurrence of a vehicular accident; and

II.    May a police officer lawfully inform a motorist, in accordance with Indiana Code section 9–30–6–

---

1.  Cochran's motion for oral argument is denied.

7(a), of the provisions of the Indiana Implied Consent Law absent a warrant, bodily injury or the occurrence of a vehicular accident. ·

**Facts and Procedural History**

On April 16, 2000, Corporal Jeff Balon ("Corporal Balon") of the Valparaiso Police Department executed a traffic stop of Cochran's vehicle after Corporal Balon observed the vehicle weave in its traffic lane, cross the dividing line between traffic lanes and stop inside the line of an intersection. During the traffic stop, Corporal Balon detected the odor of alcoholic beverages and noticed that Cochran's speech was slurred.

After Cochran failed various field sobriety tests, Corporal Balon administered a portable breath test for alcohol, which yielded a result of 0.06 blood alcohol content. Corporal Balon then read Cochran an advisement on Indiana's Implied Consent Law, as follows:

> I have probable cause to believe that you have operated a vehicle while intoxicated. I must now offer to you the opportunity to submit to a chemical test, and inform you that your refusal to submit to a chemical test will result in the suspension of your driving privileges for one year. Will you now take a chemical test?

(Appendix 36.) Cochran agreed to take a chemical test and was transported to the Porter County Jail for testing. The paper jammed during the first test. A second test was administered, which yielded a result of 0.05 blood alcohol content. Corporal Balon advised Cochran that he would be transported to Porter Memorial Hospital for a blood test. At the hospital, Cochran provided blood and urine samples. Cochran signed the Porter Memorial Consent for Blood Withdrawal for Blood Alcohol Tests. The urine sample tested positive for the presence of cannabis.

On April 17, 2000, Cochran was charged with driving while intoxicated. On July 20, 2000, Cochran filed a motion to suppress his chemical test results. Cochran alleged that Indiana Code section 9–30–6–2 is unconstitutional as applied to him in that it permitted the State to obtain his blood and urine in the absence of exigent circumstances justifying a warrantless intrusion. The trial court held a hearing on the motion to suppress on September 12, 2000. On March 8, 2001, the trial court denied Cochran's motion to suppress. ·

On June 21, 2001, the trial court certified issues for interlocutory appeal. On August 6, 2001, this Court granted Cochran's petition for leave to file an interlocutory appeal.

**Discussion and Decision**

*I. Constitutionality of Indiana Code section 9–30–6–2*

Indiana's Implied Consent Law is embodied in Indiana Code section 9–30–6–1 et. Seq. Indiana Code section 9–30–6–1 provides:

> A person who operates a vehicle impliedly consents to submit to the chemical test provisions of this chapter as a condition of operating a vehicle in Indiana.

Indiana Code section 9–13–2–22 defines a "chemical test" as "an analysis of a person's blood, breath, urine, or other bodily substance for the determination of the presence of alcohol, a controlled substance, or a drug."

The statute challenged by Cochran as unconstitutional, Indiana Code section 9–30–6–2, provides as follows:

> (a) A law enforcement officer who has probable cause to believe that a person has committed an offense under this chapter, IC 9–30–5, or IC 9–30–

9 shall offer the person the opportunity to submit to a chemical test.

(b) A law enforcement officer:

(1) is not required to offer a chemical test to an unconscious person; and

(2) may offer a person more than one (1) chemical test under this chapter.

(c) A test administered under this chapter must be administered within three (3) hours after the law enforcement officer had probable cause to believe the person committed an offense under IC 9-30-5.

(d) A person must submit to each chemical test offered by a law enforcement officer in order to comply with the implied consent provisions of this chapter.

■ The sole constitutional argument advanced by Cochran at the suppression hearing was that a warrantless chemical test is per se unreasonable absent exigent circumstances (specifically, an injury or vehicular accident). He contends that Indiana Code section 9-30-6-2 authorized his subjection to chemical testing in violation of his right against unreasonable search and seizure guaranteed to him by the Fourth Amendment to the United States Constitution. The essence of his argument is that Indiana Code section 9-30-6-2 can pass constitutional muster only if its application is restrained by the requirements of Indiana Code section 9-30-6-6(g).[2] The trial court correctly rejected this argument.

■ An act of the legislature is afforded a presumption of constitutionality. *Griswold v. State*, 725 N.E.2d 416, 419 (Ind.Ct.App.2000), *trans. denied*. A challenger, against whom all doubts are resolved, must overcome that presumption by clearly demonstrating the provision to be invalid. *State v. Hoovler*, 668 N.E.2d 1229, 1232 (Ind.1996). If two reasonable interpretations of a statute are available, one of which is constitutional and the other not, we will uphold the statute because we will not attribute unconstitutional intention to the legislature if reasonably avoidable. *Price v. State*, 622 N.E.2d 954, 963 (Ind. 1993).

■ Cochran relies upon *Schmerber v. State of California*, 384 U.S. 757, 767, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) for the proposition that either a warrant or exigent circumstances is an essential prerequisite to chemical tests of the type he received, because otherwise "blood and urine tests are too intrusive and defile the personal privacy and dignity of the citizens

---

**2.** Indiana Code section 9-30-6-6(g) is a statutory mechanism to compel a reluctant physician to draw a blood sample, *Spriggs v. State*, 671 N.E.2d 470, 472 (Ind.Ct.App.1996), and provides:

A physician or a person trained in obtaining bodily substance samples and acting under the direction of or under a protocol prepared by a physician shall obtain a blood, urine, or other bodily substance sample if the following exist:

(1) A law enforcement officer requests that the sample be obtained.

(2) A law enforcement officer has certified in writing the following:

(A) That the officer has probable cause to believe the person from whom the sample is to be obtained has violated IC 9-30-5.

(B) That the person from whom the sample is to be obtained has been transported to a hospital or other medical facility.

(C) That the person from whom the sample is to be obtained has been involved in a motor vehicle accident that resulted in the serious bodily injury or death of another.

(D) That the accident that caused the serious bodily injury or death of another occurred not more than three (3) hours before the time the sample is requested.

(3) Not more than the use of reasonable force is necessary to obtain the sample.

of Indiana." Brief of Appellant at 5. However, Cochran's reliance upon *Schmerber* is misplaced, in that *Schmerber* involved a nonconsensual blood draw. In those circumstances, a warrant or exigent circumstances must be present for the test procedure to pass constitutional muster. *Id.* at 770, 86 S.Ct. 1826. Here, however, Cochran consented to the chemical testing.

Moreover, although Cochran claims that the Implied Consent Law has a "coercive effect," this Court has previously held that officer information as to a possible penalty for refusal to submit to an analysis is not so inherently coercive as to negate motorist consent. *Johnson v. State*, 450 N.E.2d 123, 125 (Ind.Ct.App.1983). Additionally, this Court has stated that the provisions of the Indiana Implied Consent Law are within the confines of *Schmerber*:

> The standards set forth in *Schmerber* are the outer limits of what constitutes acceptable police behavior in obtaining blood samples from unwilling people. The states, however, are free to further limit police conduct within the confines of *Schmerber*. Such limitation is authorized by the State's exercise of its police power. ...
>
> Indiana's General Assembly invoked a valid exercise of its police power when it enacted the implied consent laws which define acceptable police behavior within the constitutional limits set forth in *Schmerber*. ... The implied consent laws seek to keep Indiana highways safe and protect the public by removing the threat posed by the presence of drunk drivers on the highways.

*Justice v. State*, 552 N.E.2d 844, 847–48 (Ind.Ct.App.1990) (internal citations omitted). *See also Brown v. State*, 744 N.E.2d 989 (Ind.Ct.App.2001) (holding that Indiana's implied consent statutes were not applied to Brown so as to constitute an unreasonable search under Article 1, Section 11 of the Indiana Constitution).

Cochran has failed to establish that Indiana Code section 9–30–6–2 is unconstitutional absent its integration with Indiana Code section 9–30–6–6(g).

### II. Officer Advice of Implied Consent Law

Indiana Code section 9–30–6–7(a) provides:

> If a person refuses to submit to a chemical test, the arresting officer shall inform the person that refusal will result in the suspension of the person's driving privileges.

Nevertheless, Cochran claims that an officer may not lawfully advise a motorist of Indiana's Implied Consent Law due to its constitutional infirmity. Inasmuch as Cochran failed to demonstrate the unconstitutionality of the challenged provisions of the Implied Consent Law, his companion challenge to the Implied Consent Law advisement also fails.

### Conclusion

The trial court properly refused to declare Indiana Code section 9–30–6–2 unconstitutional and properly denied Cochran's motion to suppress on constitutional grounds.

Affirmed.

NAJAM, J., and ROBB, J., concur.